Dewey. J.
The indictment upon which the defendant was *287 tried, charged the offence of the prisoner in two forms; first, as a joint larceny at common law, with one Albion L. Mellen; secondly, in a distinct count, a charge of larceny at common law, by Mellen, and that the defendant received and aided in the concealment of the property thus stolen by Mellen, knowing the same to have been stolen. The jury having acquitted the defendant on the first count, the only questions, therefore, now arise upon the conviction of the defendant upon the second count, as receiver of stolen goods. To authorize such conviction, the government must prove the material allegations in the indictment.
The first of these that is to.be considered, is the charge of a larceny at common law by Mellen. The government are confined to a larceny at common law, having, by the form of the indictment, thus limited themselves. Evidence tending to prove an embezzlement under the statute, would not sustain a general charge of larceny at common law, as was held by this court' in Commonwealth v. Simpson, 9 Met. 138. The two offences are by us considered so far distinct, as to require them to be charged in such terms as will indicate the precise offence intended to be charged. It was not necessary to state in the indictment by whom the larceny was committed. Rex v. Jervis, 6 Car. & Payne, 156; but, if alleged to be by A. B., it must be so proved. Rex v. Woolford, 1 Mood. & Rob. 384.
To prove the larceny by Mellen, the government relied upon the facts stated in the bill of exceptions, as to the manner of his obtaining the bank bills ; and the inquiry is, do these facts show a larceny at common law ? If the goods are not in the actual or constructive possession of the master, at the time they were taken, the offence of the servant in taking them will be embezzlement, and not larceny. Therefore, when goods in the possession of a third person, and not yet delivered to the master, are delivered to the servant, who appropriates them to his own use, this is not a larceny, for, at the time of the receipt of the goods by the servant, in the case supposed, there was no possession in the master, without which there could be no trespass or larceny. Roscoe, Evi. 547; 2 East. P. C. 568.
*288 But if A. gives a sum of money to his servant, to carry to B., and the servant converts the same, this may be larceny. Thus, in Rex v. Sullens, 1 Moody’s Cr. Cases, 129, where, upon an indictment for larceny, it appeared that the defendant, being sent by his master to get change for a £5 bank note, obtained silver for it, as he was directed, and subsequently absconded with the silver, it was held not to be larceny, because the silver had never been in possession of the master, except by the hands of the defendant. The principle of this and other English cases of like character shows, that the instruction to the jury, as given in the present case, cannot be sustained.
If the check had been originally obtained of the master by fi'aud, or subsequently appropriated to the use of the servant, it would only have authorized an indictment for larceny of the check itself. But the present indictment charges larceny of the bank bills obtained at the bank. Those bills had never been in the possession of the master, in any such sense as would authorize him to sue the servant in trespass for them. The bank bills delivered to the servant were not the bills of the master, while in the bank. They were the money of the bank, and, as such, were delivered to Mellen, the servant; and never came to the hands of the master, or were held by him. It is just the case that, under the authorities cited, constitutes embezzlement of the bank bills, as in Rex v. Walsh, Russ. & Ryan, 215.
Stating the principle to be that, when the goods have never been in the master’s possession, but have been delivered to the servant for the master’s use, and the servant, instead of delivering them, converts them to his own use, this is not a feloni ous conversion at common law. Wharton’s Grim. Law, 405, et seq. The cases, it is true, are not entirely uniform on this point, some of the earlier cases sanctioning the contrary doctrine, but the preponderance of authority is, that it is not a case of larceny. The error of the presiding judge was in assuming that the bank bills were held by the servant in the same manner, as to the possession of the master, as the cheek itself, which was not correct.
*289 The government has failed, therefore, to establish such a larceny as was set forth in the indictment, and in reference to which the defendant was charged with concealing the property stolen.
Having elected to charge the offence in this manner, having based the charge against the defendant as being a receiver of goods stolen by Mellen, by a larceny at common law, it was open to the defendant to insist, that no such larceny was proved as was charged and was made the basis of the charge of receiving and concealing the bank bills by the defendant.
The result is, therefore, that the exceptions are sustained.
Verdict set aside, and a new trial ordered.