## Pauli *versus* Commonwealth.

1. An interlineation of certain words in a lease, so as to make it conform to the understanding of the parties at the time of its execution, is not a fraudulent alteration or forgery.

2. General evidence that a defendant is a bad man is not admissible upon a trial for forgery, and if inadvertently admitted upon the trial, it was error to submit it to the jury as an element for their consideration in disposing of the question of character.

3. It was error to charge the jury, that to acquit a defendant, they must find a theory that will lead to a verdict of not guilty conclusively.

4. In favor of the liberty of the citizen, and in a proper case the court should declare that the evidence is insufficient to convict.

March 14th 1879.    Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Quarter Sessions of *Luzerne county :* Of July Term 1878, No. 33.

Indictment of F. S. Pauli for forgery. At the trial, before Stanton, J., it appeared that the defendant had leased to A. Johnson two upper stories of a certain building in the city of Scranton. The alleged forgery consisted in the interlineation in the lease by the defendant of the words " save the outside improvements, not to be restricted by the second party in removing porches on the outside." Pauli prepared the lease, and before signing it, Johnson went away with a copy of it to consult certain parties in regard to its terms. Previous to his going, Pauli had said to Johnson that he intended to remove two small porches in front of the demised premises. During the absence of Johnson, Pauli inserted the above words, " save the outside," &c., in the lease. Johnson did not bring back the copy he took with him, but on his return signed the lease in which Pauli had inserted the above words.

Two witnesses testified that Pauli called the attention of Johnson to the words which had been inserted. · This was denied by Johnson, but he admitted that Pauli had spoken to him in regard to the alteration of the porches. The other material facts will be found in the opinion of this court.

[Pauli v. Commonwealth.]

The jury gave a verdict of guilty. The court overruled a motion for a new trial and asked the district attorney to move for sentence, which that official refused to do. The court subsequently, against the expressed protest of the district attorney, sentenced the defendant to pay a fine of $200, to pay the costs, and to an imprisonment of two years at hard labor. A writ of error was taken by defendant, the Supreme Court in the allocatur ordering sentence to be stayed. The assignments of error are sufficiently set forth in the opinion of this court.

*Daniel Dougherty*, for plaintiff in error.

*H. W. Palmer* and *C. E. Rice*, District Attorney, for the Commonwealth.—Mr. *Palmer* stated to the court that he had been asked to assist in the trial of this case and that having heard the testimony he was convinced that the prosecution was an outrage and withdrew therefrom. He argued that a new trial should have been granted, and asked the court in the interest of justice to reverse the case.

Mr. *Rice* said that a new trial should have been granted and he had so stated to the court below before sentence. As the prosecuting officer, after hearing the testimony, he was compelled to say there should have been no conviction.

Mr. Justice PAXSON delivered the opinion of the court, March 24th 1879.

It is fortunate for the administration of criminal law in Pennsylvania that a case seldom comes before us containing such serious errors as are disclosed in this record. The vice of it runs all through the charge of the court. The jury were not only erroneously instructed upon the law, but were palpably misled by the comments of the court upon the evidence.

The learned judge might well have declined the defendant's second point for the reason that it assumed the facts. Instead of merely declining it, he answered it in a way that was calculated to mislead the jury. The defendant was indicted for forgery; the alleged forgery consisting in the interlineation of the words: "Save the outside improvements, not to be restricted by the second party, in removing porches on the outside," in a lease for certain real estate in the city of Scranton, between F. S. Pauli, the defendant below, and one Andrew Johnson. The defence was that the words were interlined before the lease was signed by Johnson, the lessee, and his attention called thereto at the time he executed it. There was evidence of an understanding that the porches should be removed. The defendant's second point asked the court to instruct the jury, that in view of this agreement to remove the porches the alteration, even if made after the lease had been signed by Johnson, was not made fraudulently, and to the prejudice of the lessees'

8 NORRIS—28

rights. The court said : " Well, we can scarcely affirm that, because this statute makes it a misdemeanor if it be done to the prejudice of another's right. If it had been done as alleged by the Commonwealth; if it has been done, it certainly has been done to the prejudice of the rights of this man Johnson, and we cannot affirm this point." This was not an adequate instruction. The concluding sentence of it was positive error, as it practically took from the jury the question of the existence of the parol agreement. The jury should have been told that if the lease had merely been interlined, to make it conform to what was in truth the understanding and agreement of the parties at the time it was executed, such alteration was not made fraudulently, or to the prejudice of the rights of the lessee.

The next error (second assignment) was more serious. The jury were told by the court that Mr. Johnson, his wife and Mr. De Long, had all testified that the alteration had been made after the lease was signed by Johnson and Mr. Pauli, and that if they believed the testimony of these parties, it was sufficient to convict the defendant.

An examination of the evidence shows that this instruction was clearly erroneous. Neither Mr. De Long nor Mrs. Johnson testified that the lease was interlined after its execution. Mr. Johnson is the only one of the three who does say so, and even he admitted, upon his cross-examination, that the removal of the porches was referred to at the time. He says : " I don't know whether he (Pauli) told me the time; he never said anything about it only at the time the lease was signed; then he did say something about moving them ; he mentioned to me about this before I signed the copy ; it was at the time I signed the original." The gravity of this error is apparent. It opened a way to the jury to convict the defendant when such an event would not have been possible under any correct view of the case. A judge cannot exercise too much care in commenting upon evidence ; especially in cases where a man's liberty and reputation are involved in the issue. Mistakes will sometimes occur in the hurry of trial, and when they do, they may and ought to be corrected upon a motion for a new trial. The court below must have taken a view of this evidence which is concealed from our vision, as the motion for a new trial was overruled and sentence imposed upon the defendant.

The portions of the charge embraced in the third and fourth assignments are equally erroneous, but not quite so damaging. The learned judge, assuming the testimony of the three witnesses above referred to, to be as he understood it, told the jury that it was impossible to reconcile it with the evidence of Pauli, Goodrich and Porter, witnesses for the defendant. The judge erred here both in his premises and his conclusion. Under the view which we take of the evidence there was no serious conflict upon any material fact in the cause.

The vice of the instruction contained in the fifth assignment is

that it does not give proper weight to the defence. It does not adequately present it to the jury. The court said: "Mr. Pauli himself takes the stand, and denies that this insertion of the words I have read to you was made after the lease was signed by himself and Mr. Johnson. He is supported in this, in a measure, by two or three other witnesses whom he alleges were present, but who Mr. Johnson thinks were not present." The defendant called two witnesses, Henry Porter and C. F. Goodrich, who were present in Pauli's store when Johnson signed the lease. Porter said : " I was present when Mr. Johnson came in ; I think it was on the 30th of March, before noon, at Mr. Pauli's store; Mr. Johnson said he was ready to sign that lease, and Pauli says to him : " Johnson, I have put in these leases about those porches ; now if you want to sign this lease with this in it, you can do it or let it alone." Mr. Goodrich was equally distinct and to the same effect. It was conceded that these were both intelligent and respectable men. They were the only disinterested witnesses who testified upon this point with knowledge of the facts. Opposed to their testimony there was really nothing but the denial of Johnson that the words were in when he signed the lease, qualified by his admission that Pauli did tell him at the time that he was going to take down the porches. The portion of the charge referred to was modified to some extent by what followed immediately after. But with this qualification there was a failure to present the case of the defendant to the jury in the clear and impartial manner in which he was entitled to have it considered.

The sixth assignment alleges error in the instruction of the court upon the question of character. I quote the language especially objected to : " Witnesses have been produced by the other side, who say, that they have heard certain things alleged against Mr. Pauli ; for instance, the one allegation that he is a bad man. Now, this is testimony that you are to give due consideration to." General evidence that a defendant is a bad man is not admissible in any civilized country upon a trial for forgery, by any recognised rule of evidence. If admitted by an oversight upon the trial, it was certainly error in the court to submit it to the jury as an element for their consideration in disposing of the question of character.

Equally erroneous were the rulings referred to in the seventh and ninth assignments. The jury were told: "You must not say that he may not be guilty, but you must find a theory that will lead to a verdict of not guilty conclusively, and that will have substance to it, not a mere shadow." While there is some obscurity in this portion of the charge, the jury could not have failed to understand, that unless they could find a theory that conclusively established the innocence of the defendant, they must convict him. There is no authority for such a rule as this. It was laying too heavy a burden upon the defendant.

[Pauli *v.* Commonwealth.]

The assignments from ten to eighteen inclusive may be passed without comment. The nineteenth assignment is based upon the defendant's third point, and alleges that the court erred in not distinctly instructing the jury that the testimony produced by the Commonwealth was insufficient under the law to convict the defendant of forgery as indicted. This is not a question of the weight of the evidence, but of its sufficiency. We have no doubt that in favor of the liberty of the citizen, the court may, and in a proper case should, declare the evidence insufficient to convict. We think the defendant's point was justified under all the facts of the case, and it should have been affirmed. There was no evidence to justify the jury in rendering a verdict of guilty, or the court in sustaining it.

The judgment is reversed, and the plaintiff in error is discharged from his recognisance.