# Commonwealth v. Barrett, Appellant.

*Criminal law—Larceny—Indictment—Obtaining money by false pretenses.*
A person cannot be convicted on an indictment charging him with the larceny of "twenty-five dollars current money of the United States . . . . of the goods and chattels moneys and property of" the prosecutor, on evidence to the effect that the prosecutor included in a check which he was drawing in favor of the prisoner, a sum of money due by himself to a third person, on the false representation by the prisoner that he had authority to receive such sum, and that the prisoner promised to pay it over, but that he drew the money from the bank and failed to make the payment.

Argued March 15, 1905. Appeal, No. 4, Oct. T., 1904, by defendant, from judgment of Q. S. Lehigh Co., Sept. T., 1904, No. 52, on verdict of guilty in case of Commonwealth v. Dennis Barrett. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Indictment for larceny. Before TREXLER, P. J.

The opinion of the Superior Court states the case.

At the trial the court refused binding instructions for defendant.

Verdict of guilty upon which judgment of sentence was passed.

*Error assigned* was refusal of binding instructions for defendant.

*Milton C. Henninger*, with him *James B. Deshler*, for appellant.—There was no possession of any kind in Frank C. Wolfe, of the money alleged to have been stolen by appellant: Wharton on Criminal Law, secs. 943–962; Com. v. King, 63 Mass. 284; Com. v. Yerkes, 119 Pa. 266; Champion v. Gordon, 70 Pa. 474.

It appears from the receipt offered in evidence, that Frank C. Wolfe parted with the title to the check as drawer. The fact that a portion of the proceeds was to be paid to Wm. Martin, would in no view of the matter change that result: Com. v. Boyer, 3 Pa. C. C. Rep. 234; Lewer v. Com. 15 S. & R. 93.

*E. J. Lichtenwalner*, district attorney, with him *H. W. Schantz*, district attorney, for appellee.—Where money is placed by the owner in the hands of another person to be applied to a special purpose, such as the payment of the owner's debts, and such person appropriates the money so committed to him, it is larceny.

When the owner is not to part, either with the possession of or property in the chattel, until a condition is performed, the chattel remains in legal contemplation under the owner's control and in his possession, and the fraudulent taking of it is larceny: Com. v. Barry, 124 Mass. 325; Com. v. Eichelberger, 119 Pa. 254.

OPINION BY PORTER, J., April 17, 1905 :

The appellant was tried and convicted upon an indictment containing one count, charging, in the common-law form, larceny of "twenty-five dollars current money of the United States of America, a further description thereof to this grand inquest is as yet unknown, of the value of twenty-five dollars of the goods and chattels, moneys and property of Frank C. Wolfe." The testimony offered by the commonwealth in support of this indictment, if true, established the following facts :

Wolfe was indebted to the defendant in the sum of $28.00, and at the same time owed William Martin $25.00. The defendant called at Wolfe's place of business and requested payment of the amount due him; when Wolfe was about to write a check for the amount due the defendant, the latter told him to include $25.00 for Martin, and he would pay him; that Martin had told him to get his pay for services, and Wolfe thereupon drew and delivered to the defendant his check for $53.00, the amount of both claims. The defendant, the next day, presented the check to the bank, and was by the bank paid the sum of $53.00, no part of which he paid to Martin, but appropriated the whole to his own use. Martin was called as a witness and testified that he had never authorized the defendant to receive the amount due him from Wolfe.

The defendant testified that Wolfe was indebted to him, in his own right, for the whole amount of the sum for which the check had been given, that he did not receive any part of the money for Martin, and that he had nothing to do with what Martin was to get. The disputed question of fact was left to the jury, and we must accept the verdict as determining that the testimony of the appellant was false, and that the evidence produced by the commonwealth correctly states the facts.

The defendant submitted a written request for instructions that, " Under all the evidence the verdict must be not guilty; " which the court refused. This ruling is assigned for error and upon it the fate of this appeal depends, for if it was correct the other specifications of error are without merit. If the testimony produced by the commonwealth was insufficient under the law to warrant a conviction of the offense with which the defendant was charged the point ought to have been affirmed: Pauli v. Commonwealth, 89 Pa. 432; Krause v. Commonwealth, 93 Pa. 418.

We must not lose sight of the fact that the defendant was not charged with embezzlement in any form, nor with the larceny of the check which he received from Wolfe. The only charge which he was lawfully called upon to answer was the larceny of " twenty-five dollars current money of the United States of America," the property of Frank C. Wolfe. The only " current money " which under the evidence in this case a jury could have been permitted to infer that the defendant

had taken or received, was that which was paid him by the Merchants' National Bank, of Allentown, upon presentation of the check the day after the defendant had received the same from Wolfe. Barrett had, it is true, by a false representation as to an existing fact induced Wolfe to make the check for a larger amount than he was entitled to receive. The question was not, however, whether Barrett had been guilty of some violation of law, but was he guilty of the offense charged in this indictment. Did Barrett steal from Wolfe the bank bills, or current money of the United States, with which the bank paid the check? The account of Wolfe with the bank was a general one, he had no special deposit; the bank was his debtor. He had no property in the bills, notes, securities and coin which constituted the assets of the bank. The " current money " was the property of and in the exclusive possession of the bank; which might have used it to pay any check which happened to be presented, or loaned it to any acceptable borrower. Wolfe never had been in possession, actual or constructive, of that particular current money.

Every larceny includes a trespass; from whence it follows that if the party be guilty of no trespass in taking the goods, he cannot be guilty of felony in carrying them away : 1 Hawkins's Pleas of the Crown, chap. 19, page 208. The money or goods must at some time have been in the possession, actual or constructive, of the person who is in the indictment averred to have been the owner, otherwise there can be no conviction of larceny at common law : Wharton's Criminal Law (8th ed.), book ii, secs. 943 and 962. The prosecutor never had the money in his possession at any time, and, therefore, at common law the offense could not have been larceny of his property, nor could this defect have been remedied by amending the indictment so as to aver the property to have been in the bank, for the bank was discharged of the money by paying it on the check, so that they were not defrauded, and it could not be said the money was stolen from them: Rex v. Walsh, 1 Russell & Ryan C. C. 215; Commonwealth v. King, 63 Mass. 284; Kibs v. The People, 81 Illinois, 599; Regina v. Johnson, 14 English Law & Equity, 570. This case is clearly distinguishable from Commonwealth v. Eichelberger, 119 Pa. 254, and Commonwealth v. Yerkes, 119 Pa. 266, in which the secu-

rities which were the subjects of the larcenies had been in the actual possession of the prosecutors.

This defendant was in no sense the agent of the prosecutor under the testimony, when the latter drew his check so as to include the sum due Martin, he intended to so draw it supposing that he was paying the money to a person authorized by Martin to receive it. The prosecutor therefore intended to part with not only the possession of but the property in the check; nothing was to be returned to him. We do not now decide the question, but there is certainly a grave doubt whether the defendant could have been held guilty of the larceny of the check: Regina v. Essex, 1 Dearsly & Bell C. C. 371, and Cox C. C. 384. There is a well recognized distinction between larceny and cheating by false pretences: Lewer v. Commonwealth, 15 S. & R. 93.

The judgment is reversed, and the appellant is discharged from his recognizance.