Opinion by
Morrison, J.,
The defendant was tried and convicted of the crime of abortion and, after sentence to the penitentiary, he appealed to this court.
The errors assigned are, first, the court erred in overruling the defendant’s motion in arrest of judgment; second, the court erred in entering judgment upon the verdict of the jury; third, the court erred in not arresting the judgment for want of sufficient evidence to sustain the conviction.
The learned counsel for the defendant opens his printed *115 argument thus: “the only question raised by the assignments of error in this case is whether there was sufficient evidence to sustain the conviction of the defendant for abortion. The subject of the insufficiency of the evidence was raised and brought to the attention of the court after the conviction by motion in arrest of judgment and for a new trial. The reasons assigned were principally directed to the question whether there was sufficient evidence to sustain a conviction.”
The record shows a good indictment, issue joined and a trial and verdict of guilty and no reason whatever appears on the record for arrest of judgment. The learned counsel does not contend'that the record properly discloses iany sufficient ground for arrest of judgment. His contention is that the evidence is insufficient to sustain the verdict. But a motion in arrest of judgment does not raise that question, as we will endeavor to show further along in this opinion. The first assignment is dismissed.
It follows, of course, that the second assignment must be dismissed because the jurisdiction, trial and verdict being regular, the judgment on the verdict follows as a legal result.
The third assignment is bad because a motion in arrest of judgment is not the proper method of raising the question of the insufficiency of the evidence: Commonwealth v. Schollenberger, 17 Pa. Superior Ct. 218; Commonwealth v. Gurley, 45 Pa. 392.
The learned counsel says: “The Supreme Court in several cases has announced the doctrine that it was the duty of the court and in a proper case the court should declare the evidence to be insufficient. Pauli v. Commonwealth, 89 Pa. 432, and Krause v. Commonwealth, 93 Pa. 418, are cited to support the above proposition. But in those cases, and all others that have been found sustaining that doctrine, the court was requested at the proper time to so charge on behalf of the defendant. In the present case no such request was made nor was there even an exception taken to the charge. Therefore, no ground whatever appears for arrest of judgment: Commonwealth v. Hanley, 15 Pa. Superior Ct. 271, opinion of Rice, P. J., p. 276.
*116 Where the defendant at the proper time requests the court to instruct the jury to find a verdict of not guilty, and his request is refused and excepted to, the sufficiency of the evidence to sustain a conviction may be inquired into on appeal: Commonwealth v. Barrett, 28 Pa. Superior Ct. 112; Commonwealth v. Ruddle, 142 Pa. 144; Commonwealth v. Harris, 168 Pa. 619, opinion of Supreme Court, 628. The assignments must all be dismissed.
While the evidence is not properly before us for review we have carefully read it to see whether it is apparent that the defendant was convicted on insufficient evidence; and we conclude that there was ample evidence to support the verdict. Therefore, it is not strange that the court, after listening to the evidence, refused the defendant a new trial and entered judgment on the verdict. On this record, after the learned court determined against a new trial, the law demanded sentence, which is the judgment of the court upon the matter contained in the record.
The appeal is dismissed at the costs of the appellant. The judgment is affirmed and the record is remitted to the court below with direction to have the judgment carried into execution.