## Commonwealth, Appellant, *v.* Duchnicz.

*Criminal law—Oyer and terminer—Arrest of judgment—Evidence insufficient to sustain verdict—Practice, Q. S.*

The court of oyer and terminer has no power to arrest a judgment in a criminal case upon the sole ground that the evidence was insufficient in law to sustain the verdict.

Argued March 4, 1915. Appeal, No. 43, March T., 1915, by plaintiff, from order of O. & T. Lackawanna Co., Oct. T., 1912, No. 25, arresting judgment in case of Commonwealth v. Alex Duchnicz. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Reversed.

528 COMMONWEALTH, Appellant, *v.* DUCHNICZ.

Statement of Facts—Opinion of the Court. [59 Pa. Superior Ct.

Indictment for common-law rape. Before PRATHER, P. J., specially presiding.

The record showed that the defendant at the trial was convicted of the offense charged. Subsequently the court arrested the judgment upon the sole ground that the evidence was insufficient in law to sustain the verdict.

*Error assigned* was the order arresting the judgment.

*George Z. Maxey,* district attorney, with him *Harry Needle,* for appellant.—A court can never arrest a judgment on the ground that the evidence was not sufficient. That is ground for a new trial only: Com. v. Gurley, 45 Pa. 392; Com. v. Hanley, 15 Pa. Superior Ct. 271; Com. v. Walker, 33 Pa. Superior Ct. 167; Com. v. Hettig, 46 Pa. Superior Ct. 395.

In arrest of judgment the court is limited to the record alone, viz: the indictment, record of the trial and sentence: Weaver v. Com., 29 Pa. 445; Com. v. Gurley, 45 Pa. 392.

*Peter L. Walsh,* for appellee.

OPINION by RICE, P. J., April 19, 1915:

Arrest of judgment is the act of a court by which the judges refuse to give judgment, because upon the face of the record it appears that the plaintiff is not entitled to it: Bouvier's L. D., Rawle's Ed. The court arrested judgment in this case upon the sole ground that the evidence was insufficient in law to sustain the verdict. No other reason can be found in the record and none other is suggested. The question as to the power of the court to do this has been settled beyond controversy. Thus in Delaware Division Canal Co. v. Com., 60 Pa. 367, the court said: "The rule in civil cases seems well settled and elementary 'that whatever is alleged in arrest of judgment, must be such matter as would on demurrer have been sufficient to overturn the action

or plea:' 3 Bl. Com. 394. I apprehend there is no difference between civil and criminal cases in the applicability of the rule." In Com. v. Gurley, 45 Pa. 392, the order of the quarter sessions arresting judgment was reversed because, as the Supreme Court said: "A court can never arrest a judgment on the ground that the evidence was not sufficient. That is a ground for a new trial only." To the same effect are Com. v. Walker, 33 Pa. Superior Ct. 167, and the cases cited in Judge Morrison's opinion, as well as many later cases. In Com. v. Hanley, 15 Pa. Superior Ct. 271, it was pointed out that where the defendant in a criminal case deems the evidence insufficient in law, even if believed by the jury, to warrant a verdict against him, he may obtain a review in the appellate court by a request for binding instructions and excepting to and assigning for error the refusal so to charge; but, if the granting of the motion in arrest of judgment, or the refusal of the motion, be· the only matter assigned for error, the case will be reviewed on the record proper and not on the evidence. Whether the Act of April 22, 1905, P. L. 286, applies to criminal cases need not be discussed because the record does not show that the remedy there provided for was invoked. The case is before us on an assignment of error to the granting of the defendant's common-law motion for arrest of judgment. As such motion must be based on some defect which appears on the face of the record, the principles governing the appeal are not the same as those applying to an appeal by the defendant in which the refusal of binding direction is assigned for error and the legal sufficiency of the evidence is those brought under review. Therefore the case of Pauli v. Com., 89 Pa. 432, and Com. v. Barrett, 28 Pa. Superior Ct. 112, are plainly distinguishable from the present and are not precedents which justified the action of the court.

For the reasons above stated the assignment of error must be sustained and the record remitted with a pro-

cedendo. This will enable the trial court to pass on the rule for a new trial, which is still pending, unhampered by any expression of opinion by us upon the merits of the case as disclosed by the evidence.

The order arresting judgment is reversed and the record is remitted with a procedendo.