# Commonwealth *v.* Wilson, Appellant.

*Criminal law—Larceny as bailee—Principal and agent—Sale of real estate.*

Where an agent for the sale of real estate receives money on account of the purchase-price of property for his principal, and because of the inability or refusal of the agent to place a mortgage which he had agreed to take for the balance of the purchase-money, the sale is not consummated, and there is nothing to show that the agent did not pay over the ·money received by him to the owner of the property, the agent cannot be convicted, in a prosecution instituted by the purchaser, of the crime of larceny as bailee under Section 108 of the Act of March 31, 1860, P. L.

Submitted Feb. 29, 1916. Appeal, No. 372, Oct. T., 1915, by defendant, from judgment of Municipal Court, Philadelphia Co., April T., 1915, No. 225, on verdict of guilty in case of Commonwealth v. Robert H. Wilson. Before ORLADY, P. J., HEAD, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Indictment for larceny as bailee. Before CRANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed.

*Error assigned* was in refusing binding instructions for defendant.

*Marshall A. Coyne* and *David J. Smyth,* for appellant. —Defendant was not guilty of larceny as bailee: Krause v. Com., 93 Pa. 418; Com. v. Chathams, 50 Pa. 181; Young v. Glendenning, 22 Pa. C. C. R. 113; Com. v. Frantz, 8 Philadelphia 612; Com. v. Cart, 2 Pittsburgh 495; Com. v. Longnecker, 1 Lanc. Bar. No. 2, 1869; Com. v. McGregory, 1 Blair 101.

No printed brief for appellee.

OPINION BY HENDERSON, J., April 17, 1916:

The defendant was indicted for larceny as a bailee under the 108th Section of the Act of March 31, 1860. The prosecution arose out of a business transaction between the defendant and the prosecutor in which the former acted as agent for one William L. Welker, in the sale of a house and lot in Philadelphia. The prosecutor having concluded to buy the property entered into an agreement in writing with the defendant as agent for the owner on the 14th day of October, 1914, for the purchase of the property for which he agreed to pay $1,-825.00; $50.00 thereof to be paid at the signing of the agreement; $175.00, on October 15, 1914; and the balance at the time of settlement. The purchaser paid fifty dollars at the execution of the contract; a payment of $100.00 was made October 23, 1914; another payment of $25.00 was made Dec. 6, 1914; and a payment of $75.00 was made Dec. 13, 1914. All of these sums were paid to the defendant to apply on the purchase-money. The prosecutor alleged that Wilson agreed to place a first and second mortgage on the property for the balance of the purchase-money, but that he could not meet him (the defendant) to get him to make a settlement although he had called at his office a number of times. The purchaser's object in making the payments was to discharge that much of the purchase-money and secure the property by giving a mortgage or mortgages for the balance. The evidence tends to show that the defendant refused or was unable to secure the loan of $1,500.00 on the premises and demanded all of the purchase-money except $1,200.00 which was to remain on a mortgage. The prosecutor refused to pay more than the $425.00 already paid, and the title was not delivered nor was any of the money returned to him. There is no evidence showing that the money was not paid by the defendant to the owner of the property or that any demand was made by the prosecutor on the defendant to return the money before the prosecution was commenced.

The contract offered in evidence by the Commonwealth shows the defendant was acting as agent for the owner and the testimony is clear that the payments were made to him because of that relationship. The prosecution proceeded on the theory that the defendant by receiving the money became bailee for the prosecutor and that his failure to return it created an implication of larceny. Two elements necessarily exist in the crime charged against the defendant. He must have received property as a bailee and this he must have fraudulently converted to his own use or to the use of some other person than the owner. The word "bailee" as used in the statute is not to be understood in the broadest sense of that term, but is limited to a person who is authorized to keep, to transfer or to deliver the property, and who having received it, fraudulently converts it. To constitute a bailment under this section it must be shown that a duty is imposed on the bailee to return the specific goods constituting the bailment: Wharton's Crim. Law, 8 Ed., Sec. 1855. This is the interpretation of the word by the English courts under their statute from which ours was taken. In Reg. v. Hassall, 30 L. J. N. S. 175, which was a prosecution under the English statute, Lord Chief Justice COCKBURN said: "We are all agreed that it is abundantly clear that this conviction cannot be sustained. The indictment is framed upon the 4th Section of the 20 & 21 Vict. c. 54, which applies to bailees; and it is only necessary to say the word bailment must be interpreted according to its ordinary legal acceptation. Understood in that sense, a bailment relates to something in the hands of the bailee, which is to be returned in specie, and does not apply to the case of money in the hands of a party who is not under an obligation to return it in precisely the identical coins which he originally received." The section was intended to apply to cases where the owner parted with the possession of property for a period definite or indefinite at the end of which he was to have the same thing which he had de-

livered. This construction of the terms "bailee" and
"bailment" was adopted in Com. v. Chathams, 50 Pa.
181, which was an indictment for the same offense of
which the appellant was convicted. In disposing of
the case Mr. Justice READ said: "The construction of
this section, therefore, seems to be settled by the highest
judicial authority in England and we see no reason why
we should not adopt it as a fair and reasonable interpre-
tation of the words bailee and bailment." The same view
of the section was taken in Krause v. Com., 93 Pa. 418,
where the distinction was pointed out between a bail-
ment and a delivery on a conditional sale, title to the
property to remain in the vendor until the goods are paid
for. The judgment was reversed in that case because
the defendant was not bound to return the identical
property; and for that reason the transaction was some-
thing more than a bailment, the defendant not being a
bailee in the statutory sense. The undisputed evidence
offered by the Commonwealth lacks the elements neces-
sary to sustain a verdict of guilty under the authorities
cited. It was not only not the understanding that the
identical property which the prosecutor delivered to the
defendant should be returned but it was the under-
standing that the money should not be returned at all.
It was intended by the prosecutor to apply on the con-
tract. By the payment to the defendant the latter was
obligated to pay the money to his principal. If he has
failed to do so and for that reason the owner of the land
declines to execute a deed another question may arise;
but we are not at liberty to indulge in guesses as to what
has occurred. The case must be disposed of on the evi-
dence presented. There was no question for the jury
unless the Commonwealth made out a prima facie case
and as it does not appear that the property was delivered
to the defendant to be returned and as it clearly appears
from the statement of the prosecutor that the money
was not to be returned to him but was to be paid to the
owner of the land and as it does not appear that the de-

fendant failed to pay it over or to return it to the prosecutor after demand therefor we can find in the transaction none of the essential qualities necessary to establish the guilt of the defendant under the section of the Crimes Act on which the indictment is planted. Both with respect to the fact of bailment and the fraudulent conversion charged there is a lack of evidence to make out a case. It may be the conduct of the defendant was not upright and that he is responsible in some legal form for the money received but in disposing of this case we are controlled by the established law and it is the right of the defendant in every criminal case to insist that his conviction be according to law. It is unnecessary to consider the several assignments of error.

The defendant's point for binding instructions should have been affirmed: Pauli v. Com., 89 Pa. 432.

The judgment is reversed and the defendant is discharged.