## Commonwealth *v.* Alfred E. Kammerdiner.

*Criminal law—Fornication and bastardy—Incestuous fornication—Adultery—Pleading—Practice—Act of March* 31, 1860.

Where an indictment in one count charges fornication and bastardy, and in a second count incestuous fornication and bastardy, it is no ground for arresting the judgment after a verdict of guilty, that the evidence showed that the prisoner was a married man at the time of the offence and that he should therefore have been indicted for adultery.

Argued Oct. 8, 1894. Appeal, No. 103, Oct. T., 1894, by Commonwealth, from order of Q. S. Armstrong Co., Dec. T., 1892, No. 79,.arresting judgment on a verdict of guilty. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Indictment for fornication and bastardy and for incestuous fornication and bastardy. Before RAYBURN, P. J.

Defendant's points were as follows:

" 1. It being clearly proven by the defendant and admitted by the commonwealth that the defendant was a married man at the time the offence is charged to have been committed, their verdict must be not guilty." Refused.

" 2. The indictment charging fornication and bastardy, and the defendant being a married man, he cannot be convicted under this indictment." Refused.

" 3. As to the second count he cannot be convicted under the evidence." Refused.

" 4. That under all the evidence the defendant cannot be convicted under this indictment." Refused.

A motion was made to quash the second count in the indictment for the reason that it is not supported by the information, the information charging nothing but " fornication and bastardy," and nowhere charging incest or relationship. This motion to quash was overruled, to be considered on a motion in arrest of judgment or for a new trial.

The jury returned a verdict of guilty.

A motion in arrest of judgment was made for the following reasons: "1. That the court overruled the motion to quash the second count of the indictment. (2) That the court refused

the points submitted by defendant for the instruction of the jury."

The opinion of the court below was as follows :

" The position of counsel for defendant we think well taken. It appeared upon the trial of the cause that the defendant was a married man at the time of the commission of the alleged offence.   The indictment charged defendant in the first count with fornication and bastardy ; in the second count with incestuous fornication.   The act of assembly making illicit intercourse a crime sets forth in distinct terms what shall constitute fornication.   And the same act in another section sets forth in like distinct terms what shall constitute the crime of adultery. The defendant being a married man, should, in order to be convicted and sentenced, have been indicted for adultery and bastardy and incestuous adultery, and the motion should prevail.   And now, February 7, 1894, judgment is arrested and the defendant directed to be discharged."

*Errors assigned* were (1) opinion in arrest of judgment; (2) arrest of judgment; quoting opinion, motion, indictment, points, answers and decree.

*W. D. Patton, H. N. Snyder*, district attorney, with him, for appellant, cited : 3 Bl. Com. 395 ; Canal Co. v. Com., 60 Pa. 367 ; 12 A. & E. Ency. L. 147 ; 8 Ib. 555, note 5 ; Dinkey v. Com., 17 Pa. 130 ; Duncan v. Com., 4 S. & R. 449 ; act of March 31, 1860, §§ 37, 38.

No appearance for appellee.

OPINION BY MR. JUSTICE FELL, Jan. 7, 1895:

This appeal is by the commonwealth from an order of the court of quarter sessions made in arrest of judgment.   The defendant was charged in the first count with fornication and bastardy, and in the second with incestuous fornication and bastardy, and was found guilty in manner and form as indicted.

It is difficult to understand upon what view of the law the action of the court in arresting judgment was based.   The causes assigned constitute no valid reason for interference by the court, and the reasons stated in the opinion throw little light upon the subject, and are wholly untenable.   That it

appeared at the trial that the defendant had been guilty of three offences, and had not been indicted for the greatest of them, did not prevent his conviction of the two covered by the counts.

The case presents the anomaly of an arrest of judgment not for defects appearing upon the record, but for causes entirely foreign to it. The indictment was in proper form, nor is it suggested that its averments were not fully sustained by the testimony, and unless the defendant was to go free there was no alternative but to enter judgment on the verdict. In any subsequent attempt to convict the defendant of adultery the prosecution would be met with the difficulty that the substantial offence was the same in each charge, and that the evidence necessary to support the second indictment was sufficient to convict on the first. See Com. v. Arner, 149 Pa. 35. There was no sufficient ground for the arrest of judgment.

The judgment is reversed and the record remitted to the court of quarter sessions to proceed to sentence according to law.