## Jacob Griel's Estate.    Will's Appeal.

*Costs—Orphans' court sale—Fees of clerk of orphans' court—Act of February* 22, 1821, *sec.* 8.

Under the act of February 22, 1821, sec. 8, P. L. 57, providing that the fees to be received by the clerk of the orphans' court shall be in " All proceedings for the sale of real estate, recognizances or confirmation, recording and copy, three dollars, " the clerk is entitled, where the estate is sold in purparts to different purchasers, to a fee of three dollars for each sale, regarding each of the different purchasers as representing a sale.

*Stare decisis—Effect of judgment or decree affirmed by divided court.*

A judgment or decree of a lower court affirmed in the Supreme Court by a divided court, is not a decree or judgment by the Supreme Court in support of which the rule of stare decisis can be successfully invoked.

Argued May 22, 1895.  Appeal, No. 347, Jan. T., 1895, by I. N. S. Will, from decree of O. C. Lancaster Co., Jan. T., 1895, No. 22, sustaining exceptions to auditor's report.  Before STERRETT, C. J., WILLIAMS, MITCHELL, DEAN and FELL, JJ. Reversed.

Exceptions to auditor's report.

The auditor, William Leaman, Esq., reported in part. as follows :

I. N. S. Will, late clerk of orphans' court, presented bill for costs in proceedings for sale of real estate, consisting of eighty purparts, $240.

On the 29th day of September, 1891, the said executors presented a petition to your honorable court, praying for an order to sell the real estate of the decedent for the payment of debts. This petition covered twenty written pages, and described eighty different purparts.  The court awarded the sale as prayed for—the first sale to be held October 29, 1891, and to be continued from time to time thereafter at the discretion of the executors.  Any portion of said real estate was ordered to be sold in whole or in parts, as might be deemed best for the estate. . . .

Sixty-two purparts were sold in whole at public sale; ten purparts were sold in whole at private sale ; seven parts of purpart No. 75 were sold at public sale ; three parts of purpart

No. 78 were sold at public sale; and one part of purpart No. 75 was sold at private sale. As shown by the returns of public and private sales, eighty-three distinct parcels of land were sold out of and from the real estate described in eighty purparts in the petition of September 29, 1891. Six returns were made of public sales and five of private sales. There were fifty-five different purchasers at public sales, and eight different purchasers at private sales, to all of whom their purchases were confirmed.

In the act of assembly, June 12, 1878, section 7, Pamphlet Laws, 193 (Purd. Dig. 1883, p. 783), it is provided that clerks of orphans' courts shall receive for " all proceedings for sale of real estate, $3.00."

In the case of Ramsey v. Alexander, 5 S. & R., 337, there was a return of an inquisition in the orphans' court of Franklin county, by which the estate of an intestate was divided. The heirs refused to take, and the real estate of the decedent was sold in twelve parcels. The clerk charged four dollars on each, under provisions of the then existing act of assembly allowing such fee for " all proceedings for the sale of real estate, recording and copy." GIBSON, J., held that a separate fee could be charged on each sale actually made. " Each sale is a distinct proceeding," says the justice, " and has its appropriate duties, which the officer is bound to perform, and in proportion to the number of sales are those duties multiplied. I think it, therefore, a fair and reasonable construction, to allow him a fee for each sale, it being his only compensation for recording and copy. . . . Were the construction otherwise, the officer would, in almost every case, be inadequately rewarded. . . . I am of opinion that the appellant be allowed four dollars on each sale."

In the present instance, there are sixty-three separate purchasers, several purparts being returned in a single return as struck down to one bidder. Where the return is of this character, the several purparts returned as disposed of to the same purchaser should be considered as one sale, and the clerk entitled to one fee of three dollars thereon. In this view of the question in hand, and following Justice GIBSON, in the case just cited, the auditor allows the clerk of orphans' court three dollars on sixty-three sales, respectively, making a total of $189.

Exceptions to the auditor's report were sustained in an opinion by BRUBAKER, J.  LIVINGSTON, P. J., filed an opinion in which it appeared that he dissented from the views expressed by BRUBAKER, J.  He, however, formally concurred in the decree so that the case might be reviewed by the Supreme Court.

*Error assigned* was above decree.

J. *Hay Brown* and W. *U. Hensel*, for appellant.—Undoubtedly this language of the act permits of either construction, viz, that the fee of $3.00 shall be for " all proceedings " for each sale of real estate belonging to a decedent, or for all proceedings for the sale of his entire real estate ; and it remains, therefore, in the light of the circumstances of the case, and in view of the practical operation of the statute, to consider and determine which is the more reasonable construction.

Is the opinion of TILGHMAN, C. J., in Ramsey v. Alexander, 5 S. & R. 337, entitled to the binding authority which has been given it?   We think not.   That opinion was delivered in 1819, when perhaps the possibility of a decedent leaving hundreds of purparts of real estate was remote.   In the particular case in which the decision was rendered an inquisition was held by which the estate was divided into twelve parts.   There were twenty heirs, upon whose refusal to take at the valuation of the jury there was a sale, and the purchasers were to give security for payment by entering into a recognizance.   The clerk of the court thought himself obliged, according to usual practice, to take a recognizance for each installment to each of the twenty heirs, and charge fees for four hundred •and eighty recognizances.   The court held that the fees for taking recognizances must be included under the general term of and fee for " all proceedings ; "  TILGHMAN, C. J., in the opinion distinctly says : " If this case be considered as part of the proceedings of the inquisition of Gen. Alexander's estate, the clerk fees would be only $3.00 on each share into which the estate was divided, viz. twelve shares, which would make the whole amount of fees $36.00."   The clerk in that case had not stood, however, on this part of the fee bill, but relied on a subsequent part of the section in which a twenty-five cents fee was prescribed for

"taking a recognizance." It seems, however, from the language of the judge that had a charge been made of $3.00 for the proceedings on each share into which the estate was divided, it would have been sustained.

The opinion of Chief Justice TILGHMAN in Ramsey v. Alexander was not the opinion of a majority of the court. There were but three judges; DUNCAN, J., took no part, as he had been counsel in the case; GIBSON, J., differed from the chief justice and practically the court was a tie—as was the lower court in this case.

The fee that is prescribed is for the recording and copy and the making out of the exemplification, which are the most difficult, responsible and troublesome parts of the proceedings. When these are multiplied, and especially so numerously as in this present case, it is to be presumed the legislature contemplated to increase the fees.

*C. I. Landis*, for appellee.—A public officer takes his office with its burdens and its benefits. In some cases his compensation may be inadequate, but in others it is full to the measure. In most cases $3.00 for a sale of one purpart of real estate is not small pay, but in a few cases like the present one it may be insufficient. Because of the supposed hardship of a particular case this court should not by judicial construction extend the plain words of an act of assembly: Bussier v. Pray, 7 S. & R. 447; Will v. Eberly, 8 Lancaster Bar, 105; Geiser v. Northampton County, 20 W. N. C. 259.

The plain language of a statute should receive the natural meaning which plain men give to it: Com. v. Grant, 2 Woodward, 379; Harrow Co. v. Rosenberger, 40 Leg. Int. 382; Pittsburg v. Kalchthaler, 114 Pa. 547.

OPINION BY MR. CHIEF JUSTICE STERRETT, October 7, 1895:

This appeal involves the construction of section 8 of the act of February 22, 1821, P. L. 57, prescribing, inter alia, that "the fees to be received by the clerk of the orphans' court shall be as follows: . . . . All proceedings for the sale of real estate, recognizance or confirmation, recording and copy, three dollars."

The facts, so far as they are material, are sufficiently set forth

in the report of the learned auditor and need not be restated. He found that, under the original and subsequent orders of sale, eighty-three distinct parcels of land were sold and sales confirmed to the respective purchasers, and that "there were fifty-five different purchasers at public sales and eight different purchasers at private sales," making in all sixty-three purchasers, some of whom bought two or more of the eighty-three parcels of land. Adopting the opinion of Mr. Justice GIBSON in Ramsey v. Alexander, 5 S. & R. 337, and treating each of said purchases as a separate sale, he awarded to the appellant, clerk of the court, a fee of $3.00 on each of said sales, making the sum of $189. This was excepted to, and the learned judge of the orphans' court, considering himself bound by the opinion of Chief Justice TILGHMAN in Ramsey v. Alexander, supra, sustained the exception and awarded appellant a single fee of $3.00 "for the whole proceeding," treating the several distinct sales to different purchasers as merely one sale of decedent's real estate. In doing so he said : " If we were permitted, as the learned auditor has done, to consult our own feelings in the matter, irrespective of the rule of stare decisis, we should sustain his report and dismiss the exceptions, as in our opinion the compensation allowed by law is entirely inadequate for the services of the officer in this case. But the court . . . . is bound by the rulings of the Supreme Court, and until the case of Ramsey v. Alexander, supra, is overruled, it is our plain duty to obey the law as it is interpreted for us by our highest court."

If the single question now before us had been expressly ruled by this court in the case referred to, there would be some force in the position assumed by the learned judge ; but, neither that, nor any other question of similar import was passed upon by this court, because, as to the construction of the clause above quoted, the two judges, who alone heard and considered the case, differed in opinion, and hence the decree of the orphans' court was permitted to stand, except as to matters in which both judges concurred. In other words, as to the question of construction now before us, the decree of the court below stood as affirmed by a divided court. That is not a decree or judgment of this court, in support of which the rule of stare decisis can be successfully invoked. That principle applies only to

actual judgments or decrees of this court, and not to judgments or decrees of inferior tribunals which are necessarily allowed to stand as final because of an equally divided appellate court. It therefore follows that, in construing the clause above quoted, we are not embarrassed by any prior decision involving the same or even a similar question.

We are clearly of opinion that the clause referred to was rightly construed by the learned auditor, and his report, awarding appellant $189, or a fee of $3.00, for each of the sixty-three separate sales of decedent's real estate, made and confirmed to the respective purchasers. As was clearly shown by Mr. Justice GIBSON, in the case above cited, that is the only construction of the clause in question that gives proper effect to the legislative intention.

Decree reversed with costs to be paid by the appellee, and it is ordered and decreed that the report of the auditor be confirmed and the fund be distributed in accordance therewith.