## Commonwealth *v.* George.

*Charge of court—Binding instructions—Conclusion of testimony.*

The court is not bound to direct a verdict of acquittal until the conclusion of all the testimony.

*Charge of court—Binding instructions—Appeal.*

Where the sufficiency of the testimony to warrant a conviction is challenged the appellate court will not reverse when not convinced of error committed in submitting the question to the jury.

Argued May 7, 1900. Appeal, No. 84, Oct. T., 1900, by defendants in a suit of Commonwealth against Nicholas George and Jacob George, from sentence of Q. S. Blair Co., Jan. Sess., 1900, No. 22, on verdict of guilty. Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ. Affirmed. Per Curiam.

Indictment for conspiracy. Before Bell, P. J.

It appears from the record that Nicholas George and Jacob George were indicted for the crime of conspiring to cheat W. H. Strauss out of a claim held by him against Jacob George. Strauss having obtained judgment against Nicholas George, Jacob George filed a notice that the goods levied upon by the constable were not the goods of Nicholas George but that they belonged to Albert George for whom Jacob George was acting as agent, while Nicholas George filed a claim for the benefit of the exemption law for any goods belonging to him upon which the constable had levied. These notices were served upon the constable after the levy was made. At the close of the commonwealth's testimony the counsel for defendants moved the court to direct a verdict of not guilty, for the reason of the insufficiency of the evidence on the part of the commonwealth. The court overruled defendants' motion and sealed them a bill. At the close of all the testimony defendants' motion was renewed but was overruled by the court and bill sealed for defendants.

Verdict of guilty and sentence thereon. Defendants appealed.

*Errors assigned* were (1) in overruling defendants' motion at

the close of the commonwealth's testimony to direct a verdict of not guilty. (2) In overruling defendant's motion at the close of all the testimony to direct a verdict of not guilty.

*J. Banks Kurtz* and *R. A. Henderson*, for appellants.—The courts of this and other states have declared in a number of decisions, that it is the duty of the court below to direct an acquittal where the evidence is insufficient to convict: Pauli v. Com., 89 Pa. 432; Krause v. Com., 93 Pa. 418.

Where on the trial of an indictment, the facts in evidence are admitted or undisputed and are insufficient to establish that the offense charged has been committed by the defendant, it is the duty of the court, on request, therefore, to direct the jury to return a verdict of not guilty: Com. v. Ruddle, 142 Pa. 144.

The same ruling was made in the case of Com. v. Harris, 168 Pa. 619.

*W. L. Hicks*, for appellee, filed no paper-book.

Per Curiam, May 24, 1900:

The first assignment of error cannot be sustained. The court is not bound to entertain a motion to direct a verdict of acquittal until the conclusion of all the testimony. The second assignment raises the question as to the sufficiency of the testimony to warrant a conviction. After a careful consideration of the evidence we are not convinced that the court committed error in submitting the question to the jury.

The judgment is affirmed and the record is remitted to the court below to the end that the sentence be fully carried into effect.