## Commonwealth *v.* Sonis & Sonis, Appellants.

*Criminal law—Arson—Conspiracy—Evidence—Sufficiency.*

In the trial of an indictment for arson and conspiracy to burn a building, a verdict of guilty will be sustained, where the evidence established that the defendants conspired to burn the building for the purpose of collecting the insurance on the contents, which had been removed before attempting to start a conflagration.

In such case, it was not necessary for the Commonwealth to prove, in order to sustain conviction, that the defendants were ac-

tually present at the time the attempt was made to fire the building. It was sufficient to establish that the attempt was made in pursuance of a conspiracy to which the defendants were the parties, and the express purpose of the conspiracy was the burning of the building.

No matter what the ultimate motive of the parties was, if as a means of accomplishing their purpose they attempted to set fire to the building, they were guilty of the offense charged in the indictment. The Commonwealth was not required to either aver or prove the motive which actuated the defendants in attempting to set fire to the building.

*Criminal procedure—Motion to submit bill—Irregular practice—Separate trial—Discretion of court.*

Where two persons are jointly indicted for arson and conspiracy to burn, it is entirely within the discretion of the court below to determine whether or not they shall be given separate trials. The fact that one defendant may attempt to escape by throwing the blame on the other is no reason why the court should grant them new trials.

A motion to "submit the bill" upon the conclusion of the evidence by the Commonwealth, seems, under the practice in some courts, to be equivalent to asking the court to direct the jury to render a verdict of not guilty. This practice is altogether irregular. If the defendant deems the evidence produced by the Commonwealth insufficient he may enter a formal demurrer thereto, and the court will then discharge the jury and enter such judgment as the evidence warrants; or he may decline to present evidence and go to the jury upon the evidence which the Commonwealth has produced. The court cannot be required to entertain a motion to direct a verdict of acquittal until the conclusion of all the testimony.

Argued April 16, 1923.   Appeals, Nos. 101, 102, 103, 104, Oct. T., 1923, by defendants, from judgment of O. & T. Philadelphia County, August Sessions, 1922, Nos. 539 and 540, on verdict of guilty in case of Commonwealth of Pennsylvania v. Benjamin Sonis and David Sonis.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Indictment for arson and conspiracy to set fire to a dwelling house.   Before McDEVITT, J.

The facts are stated in the opinion of the Superior Court.

205, (1923).]     Verdict—Opinion of the Court.

Verdict of guilty on which judgment of sentence was passed. Defendants appealed.

*Errors assigned,* among others, were various rulings on evidence, charge of the court, and refusal to direct a verdict in favor of defendants.

*Harry A. Gorson,* for appellant.

*John H. Maurer,* Asst. District Attorney and with him *Samuel P. Rotan,* District Attorney.

OPINION BY PORTER, J., July 12, 1923 :

The appellants were jointly charged, with one Goldman, in two indictments, one of which charged conspiracy to burn a certain dwelling house and the other charged that they did maliciously, voluntarily and feloniously attempt to set fire to, with intent to burn, a certain building and dwelling house. The indictments were tried together and the trial resulted in a conviction of all three defendants, on each of the indictments. The court imposed sentence only upon the indictment No. 539. August sessions, 1922, which charged the felonious attempt to set fire to, with intent to burn, a dwelling house. Benjamin Sonis and David Sonis, respectively, have taken these separate appeals from the results of the trial. The appellants thus state the questions they contend are here involved. "1. Was the evidence sufficient to sustain an indictment for attempted arson, or was it even competent to prove conspiracy? 2. Did not the court abuse its discretion in refusing to allow a severance, especially in view of the subsequent remarks of counsel for one defendant? 3. Where the trial judge makes a fundamental error in his charge on the effect of good character and no exception is taken, will a new trial be granted to insure justice? 4. Where the Commonwealth proves an attempt to defraud the insurance companies by burning

merchandise, can the defendants be found guilty of arson, where there was no actual burning of real estate?"

1. The evidence was sufficient to sustain the conviction of these defendants. It established that the actual attempt to set fire to the building was made by Goldman and a man named Weisfeld, the latter of whom escaped, but Goldman and Weisfeld were merely hired incendiaries. All the arrangements for setting fire to the building had been made in advance and both Benjamin and David Sonis had participated in making arrangements for the fire. Benjamin Sonis had actually paid to Goldman and Weisfeld the price agreed upon as their compensation for setting fire to the building. He had left the side door of the building unlocked so that Goldman and Weisfeld could obtain access to the storeroom and dining room and saturate the floors, walls, fixtures and personal property with gasoline and then light a fuse and so place it that they would have time to escape before the fire was communicated to the gasoline. Goldman and Weisfeld, as well as Benjamin Sonis, had visited David Sonis and held consultations with regard to the proposed conflagration. The building involved in the arrangement was a dwelling house, the first floor front room of which was used by Benjamin Sonis as a store and he, with his family, occupied the rear rooms of that floor and the front room upon the second floor as his dwelling, while the other rooms in the house were occupied by other persons, as their respective homes. The building was owned by another. The evidence disclosed that Benjamin Sonis was in financial difficulties and desired to obtain funds by having the fire and then collect the money from the insurance companies for the loss of goods alleged to have been in his store. This being so it was to his advantage to have the goods removed from the store, to as great an extent as possible, before the fire occurred. In carrying out this design a large quantity of goods were removed from the store of Benjamin Sonis and taken to the home of David Sonis, who received and con-

cealed them in his cellar; the policies of insurance upon the goods in Benjamin's store were also taken to the home of David, who kept them, thus preserving the evidence for the attack upon the insurance companies. This evidence was entirely sufficient to sustain a conviction upon the indictment charging conspiracy, and it was also sufficient to sustain a conviction of both of these defendants upon the indictment charging an attempt to set fire to, with intent to burn, that building: Com. v. Puretta, 74 Pa. Superior Ct. 463. It was not necessary for the Commonwealth to prove, in order to sustain a conviction, that the appellants were actually present at the time the attempt was made to fire the building; it was sufficient if it established that the attempt was made in pursuance of a conspiracy to which the appellants were parties and the express purpose of which conspiracy was the firing of the building: Com. v. Emmett, 74 Pa. Superior Ct. 86; 77 Pa. Superior Ct. 396; Pilger v. Com., 112 Pa. 226. It is argued by the learned counsel for the appellants that as the evidence indicated that the motive of the defendants was to collect money from the insurance companies for the loss of the personal property, the court should have held, as matter of law, that the intention of the defendants was merely to burn the personal property, and not the building, and that the court should, for that reason, have instructed the jury to find the defendants not guilty. There are several flaws in this theory. The evidence clearly established that the purpose of the defendants was to collect money from the insurance companies for an apparent loss of goods which were not to be burned, but were safely stored in the cellar of David Sonis. This rendered it necessary to burn the building, in order that the amount of the loss of personal property might be concealed or at least involved in uncertainty. But further, the intention of these defendants was to be determined not merely from what they said but also from the things which they caused to be done. The floor of the building was deluged with gaso-

line to such an extent that the liquid leaked through and was dripping into the cellar. This was certainly sufficient to warrant a finding that it was the intention of the parties that the building should burn. No matter what the ultimate motive of the parties was, if as a means of accomplishing their purpose they attempted to set fire to the building, they were guilty of the offense charged in this indictment. The Commonwealth was not required to either aver or prove the motive which actuated these defendants in the attempt to set fire to the building: Com. v. Braunfeldt, 72 Pa. Superior Ct. 25.

2. When two persons are jointly indicted for the offenses with which we are now dealing, it is entirely within the discretion of the court below to determine whether they shall be given separate trials. The fact that one defendant may attempt to escape by throwing the blame on the other, is no reason why the court should grant them separate trials: Com. v. Place, 153 Pa. 314; Com. v. Emmett, 74 Pa. Superior Ct. 87; Com. v. Deutsch, 72 Pa. Superior Ct. 298.

3. The appellants took no exception to the charge of the judge as to the effect of evidence of good character, and there is no valid assignment of error which raises this question. If the defendants had desired more specific instructions as to the effect of evidence of good character they should have presented a written request for certain instructions.

4. The assignments of error which raise this question are in no respect different from those which we have considered in connection with the first question involved, and in them there is no merit.

5. The first assignment of error attempts to raise a question which cannot be considered. Upon the conclusion of the testimony of the Commonwealth counsel for the defendants moved "that the bills be submitted," which motion the court overruled, and the defendants having taken an exception, the ruling is assigned for error. The motion "to submit the bill," upon the conclu-

205, (1923).]          Opinion of the Court.

sion of evidence by the Commonwealth, seems, under the practice in some courts, to be equivalent to asking the court to direct the jury to render a verdict of not guilty. This practice is altogether irregular.  If the defendant deems the evidence produced by the Commonwealth insufficient he may enter a formal demurrer thereto, and the court will then discharge the jury and enter such judgment as the evidence warrants; or he may decline to present evidence and go to the jury upon the evidence which the Commonwealth has produced.  The court cannot be required to entertain a motion to direct a verdict of acquittal until the conclusion of all the testimony: Com. v. George, 13 Pa. Superior Ct. 542.  The refusal of the court to direct a verdict of not guilty before all the testimony has been presented is not assignable for error. If these defendants had declined to offer testimony, they would then have been in position to present written requests for instructions to the jury.

The judgments in these several appeals are affirmed and it is ordered that the defendants, respectively, appear in the court below at such time as they may be there called and that they be by that court committed until they have complied with the sentence or any part of it which had not been performed at the time the appeals were made a supersedeas.