Commonwealth *v*. J. Jones, alias J. Brooks.
Appellant.

Argued September 30, 1930.

Before Trexler, P. J., Keller,
Linn, Gawthrop, Cunningham, Baldrige and Whit-
more, JJ.

*Warwick Potter Scott,* and with him *Michael Saxe,* for appellant.—It is the duty of the jury to take the law from the court to the same extent in a criminal case as in any other: Commonwealth v. Bryson, 276 Pa. 566; Pauli v. Commonwealth, 89 Pa. 432.

*Charles C. Gordon,* Assistant District Attorney, and with him *John Monaghan,* District Attorney, for appellee, cited: Commonwealth v. Hanley, 15 Pa. Superior Ct. 271; Commonwealth v. Schollenberger, 17 Pa. Superior Ct. 218.

Opinion by Gawthrop, J., November 20, 1930:

Defendant was tried in the court below upon indictments charging murder, voluntary manslaughter and involuntary manslaughter. At the beginning of the charge to the jury the trial judge said: "You may ignore the count charging involuntary manslaughter, because under this evidence it is impossible for you properly to find such a verdict. You have, however, before you the charge of murder and the charge of voluntary manslaughter." The jury rendered a verdict of guilty of involuntary manslaughter. Whereupon, the trial judge said to counsel for defendant, "I will give you opportunity to file motion for a new trial, and in the meantime the defendant is remanded." Defendant did not move for a new trial, but moved in

arrest of judgment and for discharge from custody on the grounds, first, that the evidence does not justify a conviction of involuntary manslaughter; second, that the trial judge had no right to accept the verdict of guilty on the count charging involuntary manslaughter because he had in effect directed to acquit the defendant on that charge. The overruling of this motion and the imposing of sentence upon the verdict are the only matters properly assigned for error.

It is well settled in this State that where the complaint is, that the evidence was insufficient to sustain the verdict, the remedy of the party in the trial court is by motion for a new trial, not by a motion in arrest of judgment; and that if the granting of the motion in arrest of judgment or the refusal of the motion be the only matter assigned for error, the case will be reviewed on the record proper, and not on the sufficiency of the evidence: Com. v. Hanly, 15 Pa. Superior Ct. 271; Com. v. Schollenberger, 17 Pa. Superior Ct. 218; Com. v. Gurley, 45 Pa. 392. Evidence given during the trial does not become part of the record: Sadler's Criminal Procedure in Pennsylvania, page 442. Therefore, we must decline to pass on the sufficiency of the evidence to sustain the verdict. We remark, however, that if counsel for defendant deemed the evidence adduced by the Commonwealth to be insufficient in law to warrant a conviction on any count of an indictment, they could have obtained a review in the appellate court by presenting a point to that effect and excepting to it, and assigning for error, the refusal so to charge.

Nor is defendant in any better position in respect to the contention, that no judgment could be entered upon the verdict because the count on which it was rendered was in effect withdrawn by the court from the jury. Although "it is the duty of the jury to take the law from the court, to the same extent in a crimi-

nal case as in any other," (Com. v. Bryson, 276 Pa. 566), this verdict was one which the jury had the power to render and the indictment supports it. The trial judge accepted the verdict and allowed it to be recorded notwithstanding the fact that he had instructed the jury that under the evidence they could not properly find such a verdict. Doubtless he could have refused to accept it, taking the matter into his own hands and directing the clerk to enter a verdict of not guilty on the count charging involuntary manslaughter, or he could have granted a new trial of his own motion. The right of a court to order a new trial of its own motion is indisputable: Com. v. Gabor, 209 Pa. 201. But the court was not required to do either of these things. The court can never arrest a judgment on the ground that the jury disregarded the instructions of the trial judge upon the law. That is ground for a new trial only. For this defendant did not move, electing to stand upon the verdict and resorting to a motion which, if granted, would result in his discharge.

The motion in arrest of judgment was properly refused. In justice to the able counsel for appellant, we remark that no injustice results to defendant from mistaken procedure because the court below considered the merits of the reasons asserted in support of the motion in arrest of judgment and did not refuse the motion on mere technical grounds. We have examined the evidence and are convinced that while it would have sustained a conviction of a higher grade of homicide it also supports the more charitable view taken by the jury that the killing was merely unlawful and lacked the elements of wantonness or recklessness or intent to do great bodily harm, which would raise the degree of the offense.

The judgment is affirmed.