Commonwealth *v.* Strantz, Appellant.

Argued September 27, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Walter Mellinger,* for appellant.

*Chas. W. Eaby,* District Attorney, for appellee.

OPINION BY RHODES, J., November 17, 1939:

The appeal by defendant in this criminal case raises no question as to the merits. The sufficiency of the evidence to sustain the conviction is not involved, and the evidence taken at the trial is not printed as a part of the record. Defendant assigns as error the dismissal

by the court below of his motion to discharge defendant from custody.

The prosecution was based on an information made by a constable on information and belief to the effect "that J. Henry Strantz did on or about May 15, 1937, in the County of Lancaster and state aforesaid, commit sodomy and solicit to commit sodomy, by having unnatural intercourse with one [A B] ......" A warrant was issued, hearing held, and defendant bound over to next term of court. At the hearing he stated that he wished to plead guilty. He gave bail for his appearance to answer the charge.

The motion to discharge was presented before indictment was found. See *Com. v. Lingle,* 120 Pa. Superior Ct. 434, 436, 182 A. 802; *Com. v. Keegan (No. 1),* 70 Pa. Superior Ct. 436; *Com. v. Greenberg,* 136 Pa. Superior Ct. 32, 7 A. 2d 33; *Com. v. Brennan,* 193 Pa. 567, 44 A. 498. On the motion to discharge defendant from custody on the ground of illegal commitment and the rule to show cause issued thereon, testimony was taken after an answer had been filed by the Commonwealth and a replication by defendant. The court below dismissed the motion and discharged the rule.

In defendant's motion for discharge it was stated that the information was made "on information received," and that such information did not set forth sufficient facts to sustain an indictment. These reasons are clearly without merit to sustain the motion. The information was sufficient both in form and substance. A warrant is properly issued on an affidavit charging the offense upon information and belief. *Com. v. Green,* 185 Pa. 641, 649, 40 A. 96; *Com. v. Campbell,* 22 Pa. Superior Ct. 98. The information sets forth the crime alleged to have been committed by defendant in no uncertain terms, and the necessary elements of the offense are contained therein. See *Com. v. Dingman,* 26 Pa. Superior Ct. 615, 619.

The argument of defendant's counsel is devoted mainly to what he contends was a violation of defendant's constitutional rights in the manner of his arrest. This seems to have reference to a written confession made by defendant. From the record before us it does not appear that the confession was obtained by threats and force, influencing or controlling defendant's conduct. He did not repudiate the confession. As far as we can gather from the record, defendant freely admitted at all stages of the proceedings his wrongdoing as set forth in the complaint or information.

We think the court below committed no error in dismissing defendant's motion and discharging the rule issued thereon. We find no irregularity in the proceedings regardless of the alleged forced confession. The assignment of error is accordingly overruled.

The assignment of error relating to the dismissal of defendant's motion in arrest of judgment is also overruled. Nothing appearing on the face of the record has been pointed out which would have required consideration by the court below, or which requires consideration by this court on such a motion. *Com. v. Kammerdiner*, 165 Pa. 222, 30 A. 929; *Com. v. Bateman*, 92 Pa. Superior Ct. 53, 56; *Com. v Jones*, 303 Pa. 551, 154 A. 480.

All the assignments of error are overruled.

Judgment of the court below is affirmed.