Opinion by
 

 Keller, P. J.,
 

 The question involved in this appeal relates solely to criminal procedure; It is: Where a demurrer to the Commonwealth’s evidence has been overruled and the defendants have taken the stand and offered other evidence in their behalf, and the case is submitted to the jury, resulting in a verdict of guilty, can the trial court, of its own motion, following the filing by the defendants of motions for a new trial, reconsider its action on the demurrer and sustain the demurrer and discharge the defendants? We hold that it cannot; that its only course, in case it feels that it erred in overruling the demurrer to the evidence, is to grant a new trial.
 

 
 *70
 
 The learned trial judge was of opinion that the changes in procedure with respect to demurrers to the evidence in criminal cases effected by the Act of June 5, 1937, P. L. 1703, justified his action as above stated, because the Act of 1937 contained in it no express prohibition of or limitation on his further consideration of the demurrer after the submission of the case to the jury and the rendition and acceptance of the verdict; and he felt warranted in entering judgment in favor of the defendants on the demurrer at any time up to final judgment of sentence, because such action was not expressly forbidden. We are of opinion (1) that the Act of 1937 granted the trial judge no such power as was exercised in this case; and (2) that under our criminal procedure a trial court can enter judgment contrary to the verdict of a jury only when the authority to do só has been established by the practice at common law or has been expressly conferred by statute, neither of which existed in the circumstances of this case. Appellate courts are specifically authorized to enter judgments on review by appeal from judgments of the lower courts, (Act of June 24, 1895, P. L. 212, pp. 219, 220 ;
 
 [1]
 
 Act of June 16, 1836, P. L. 785
 
 [2]
 
 ) which
 
 *71
 
 the latter have not been given authority to enter:
 
 Com. v. Wallace, 7
 
 Pa. Superior Ct. 405;
 
 Com. v. Supansic,
 
 93 Pa. Superior Ct. 111, 114;
 
 Com. v. Kroekel,
 
 121 Pa. Superior Ct. 423, 429-431, 183 A. 749. Where authority to enter judgment contrary to the verdict of a jury has not been given the trial court, it does not exist. If satisfied that material and substantial error was committed in the trial of the case, the only remedy open to the court below is to grant a new trial. This may seem a roundabout method of administering justice to one impatient of legal limitations, but on the whole it will prove shorter than an unauthorized cutting across lots. In any event, if additional power is to be given the trial judges in this respect, it must be done by the legislature; it cannot be assumed by the judges without such authority.
 

 At
 
 common law
 
 judgment non obstante veredicto was a judgment 'given in civil cases for the
 
 plaintiff,
 
 on his motion, where the defendant had a verdict, but it appeared from the whole record that the defendant was not, in law, entitled to the judgment: Stephen oh Pleading in Civil Actions, p. 97; 30 Am. Jur., Judgments, §52; 33 C. J. 1178-9, §112; 3 Bouvier’s Law Dictionary, p. 2357, (Rawle’s 3d Rev.). It could not apply to a criminal case for it was really a judgment on the
 
 pleadings
 
 (Perry on Common Law Pleading, p. 212; McKelvey on Common Law Pleading, sec. 286, p. 177) and a verdict of acquittal ended the prosecution, and the trial court could not grant a new trial
 
 (Com.
 
 v.
 
 Kroekel,
 
 supra, pp. 430-432), even though the acquittal was founded upon the misdirection óf the judge
 
 (Com. v. Steimling,
 
 156 Pa. 400, 27 A. 297; Tidd’s Practice, p. 911). Much less could the court
 
 *72
 
 enter a
 
 judgment for the Commonwealth
 
 notwithstanding a verdict of acquittal for the defendant.
 

 The common law practice as to judgments non obstante veredicto in civil cases was enlarged in Pennsylvania by various státutes culminating in the Act of April 22, 1905, P. L. 286, á review of the same being contained in the opinion of Chief Justice Mitchell— who was a recognized authority on Pennsylvania Practice — in the case of
 
 Dalmas v. Kemble,
 
 215 Pa. 410, 64 A. 559, as follows:
 

 “The act being so recent it is important that it should be examined closely, and its proper construction settled. Its terms are:. ‘Whenever upon the trial of any issue, a point requesting binding instructions has been reserved or declined, the party presenting the point may ...... move the court to have all the evidence taken upon the trial duly certified and filed* so as to become part of the record and for judgment non obstante veredicto upon the whole record; whereupon it shall be the duty of the court ______to enter such judgment as should have been entered upon that evidence.’
 

 “This statute makes no radical innovation on the settled line of distinction between the powers of the court and the jury. It shows no intention to infringe, even if it could constitutionally do so, the province of the jury to pass upon the credibility of witnesses and the. weight of oral testimony. The court has long had authority to direct a verdict for defendant when it was of opinion that the plaintiff, even if all his evidence be believed, has failed to make out his case. But this had to be done offhand at the trial and a mistake of the judge either way resulted in delay and expense. If he directed for defendant but on more deliberate examination or consideration came to the view that there was some evidence for the jury to pass upon,
 
 a new trial was the only remedy,
 
 while on the other hand if
 
 *73
 
 he refused a binding direction but later found that it should have been given,
 
 the same result followed, for after a question has been submitted to a jury and the fact found by them the power of the court to enter a contrary judgment on the ground that the evidence was insufficient is gone: North American Oil Co. v. Forsyth,
 
 48 Pa. 291;
 
 Butts v. Armor,
 
 164 Pa. 73 (81) ......
 

 “The authority to reserve questions of law for the consideration of the court in banc was first conferred by the Act of March 1, 1825, P. L. 41, [continued by Act of March 26, 1832, P. L. 184] upon the judges of the district court of Philadelphia; continued [further] in the same court by the Act of March 28, 1835, P. L. 88, and extended to the courts [of common pleas] of the commonwealth generally by the Act of April 22, 1863, P. L. 554, together with the power also first conferred on the district court of Philadelphia by the Act of March 11, 1836, P. L. 76 [sec. 7] to enter a compulsory nonsuit if the plaintiff’s evidence is not sufficient to maintain his action.
 

 “The Act of 1905 is another step in the same direction. It broadens the power of the judge in this respect, that whereas heretofore the verdict was required to be for the plaintiff and the reservation to be of leave to enter judgment for the defendant non obstante, now what is reserved is a request for binding direction to the jury and may be for either plaintiff or defendant. But though thus enlarged so as to include both parties, the power of the judge is the same as it was before. He is ‘to enter such judgment as should have been entered upon that evidence’, or in other words to treat the motion for judgment as if it was a motion for binding directions at the trial, and to enter judgment as if such direction had been given and a verdict rendered in accordance. What the judge may do is still the same in substance, but the time when he may do it is enlarged so as to allow deliberate re
 
 *74
 
 view and consideration of the facts and the law upon the whole evidence. If upon such consideration it shall appear that a binding direction for either party would have been proper at the close of the trial the court may enter judgment later with the same effect. But, on the other hand, if it should appear that there was conflict of evidence on a material fact, or any reason why there could not have been a binding direction then there can be no judgment against the verdict now. As already said there is no intent in the act to disturb the settled line of distinction between the provinces of the court and the jury. The act is capable of usefulness in allowing time for mature consideration, but it should not be carried beyond its legitimate intent.” (Italics supplied).
 

 It is plain from a reading of Chief Justice Mitchell’s opinion that the Act of 1905 was not intended to extend the entry of judgment non obstante veredicto to criminal prosecutions, but was confined to
 
 civil issues,
 
 in which the court, at the conclusion of the testimony, might enter
 
 judgment for either party,
 
 if warranted by the evidence. This is confirmed by the final sentence of the act: “From the judgment thus entered either party may appeal to the Supreme or Superior Court, as in other cases, which shall review the action of the Court below, and
 
 enter such judgment as shall he warranted hy the evidence taken in that Court.”
 
 The Commonwealth in a criminal case, may not ask the court, upon a consideration of the whole of the evidence, to direct a verdict in its favor. Accordingly it was held in
 
 Com. v. Penna. R. R. Co.,
 
 72 Pa. Superior Ct. 353, 358 (1919), that the Act of 1905, supra, did not apply to criminal cases. See also
 
 Com. v. Nathan,
 
 93 Pa. Superior Ct. 193, 195. The fact that the ruling in
 
 Com. v. Penna. R. R. Co.,
 
 supra, has not been questioned in the twenty-two years that have elapsed since it was made, gives support to the statement that its correctness was generally recognized.
 

 
 *75
 
 Where a verdict of guilty has been rendered in a criminal case, the trial court may arrest the judgment for some matter appearing on the face of the record which would render the judgment erroneous if given. But it must arise from intrinsic causes appearing on the face of the record. Evidence given on the trial does not become a part of the record to be considered on motion in arrest of judgment. And an order arresting the judgment is subject to appeal by the Commonwealth:
 
 Com. v. Kammerdiner,
 
 165 Pa. 222, 30 A. 929; Sadler on Criminal and Penal Procedure in Pennsylvania, secs. 516-518. But it is no ground for
 
 arresting judgment
 
 that the evidence on the trial was insufficient to convict. The remedy in the court below is to grant a new trial:
 
 Com. v. Jones,
 
 100 Pa. Superior Ct. 121, 123, affirmed 303 Pa. 551, 553, 154 A. 480;
 
 Com. v. Gurley,
 
 45 Pa. 392, 393;
 
 Com. v. Kirk,
 
 141 Pa. Superior Ct. 123, 126-7, 14 A. 2d 914, affirmed 340 Pa. 346, 17 A. 2d 195;
 
 Com. v. Long,
 
 131 Pa. Superior Ct. 28, 30, 198 A. 474;
 
 Com. v. Bateman,
 
 92 Pa. Superior Ct. 53, 56.
 

 The case of
 
 Com. v. Jones,
 
 100 Pa. Superior Ct. 121, affirmed by the Supreme Court in 303 Pa. 551, 154 A. 480, is very pertinent to the present question.- In that case the defendant was tried in the court below on indictments charging murder, and voluntary manslaughter and involuntary manslaughter. In his charge to the jury the trial judge said: “You may ignore the count charging involuntary manslaughter, because under this evidence it is impossible for you properly to find such a verdict. You have, however, before you the charge of murder and the charge of voluntary manslaughter.” The jury rendered a verdict of guilty of
 
 involuntary
 
 manslaughter. The trial judge then said to counsel for defendant, “I will give you opportunity to file motion for a new trial, and in the meantime the defendant is remanded.” Defendant did not ask for a
 
 *76
 
 new trial, but moved in arrest of judgment and for discharge from custody, on the grounds, (1) that the evidence did not justify a conviction of involuntary manslaughter; (2) that the trial judge had no right to accept the verdict of guilty on the count charging involuntary manslaughter because he had in effect directed the jury to acquit the defendant on that charge. The court overruled the motion and imposed sentence on the defendant in accordance with the verdict. This court affirmed the judgment, and speaking through Judge Gawthrop, said in part: “It is well settled in this State that where the complaint is, that the evidence was insufficient to sustain the verdict, the remedy of the party in the trial court is by motion for a new trial, not by a motion in arrest of judgment; and that if the granting of the motion in arrest of judgment or the refusal of the motion be the only matter assigned for error, the case will be reviewed on the record proper, and not on the sufficiency of the evidence:
 
 Com. v. Hanly,
 
 15 Pa. Superior Ct. 271;
 
 Com., v. Schollenberger, 17
 
 Pa. Superior Ct. 218;
 
 Com. v. Gurley,
 
 45 Pa. 392. Evidence given during the trial does not become part of the record: Sadler’s Criminal Procedure in Pennsylvania, page 442 [secs. 516-518]. Therefore, we must decline to pass on the sufficiency of the evidence to sustain the verdict. We remark, however, that if counsel for defendant deemed the evidence adduced by the Commonwealth to be insufficient in law to warrant a conviction on any count of an indictment, they could have obtained a review in the appellate court by presenting a point to that effect and excepting to it, and assigning for error, the refusal so to charge. Nor is defendant in any better position in respect to the contention, that no judgment could be entered upon the verdict because the count on which it was rendered was in effect withdrawn by the court from the jury. Although ‘it is the duty of the jury to take the law
 
 *77
 
 from the court, to the same extent in a criminal case as in any other,’
 
 (Com. v. Bryson,
 
 276 Pa. 566), this verdict was one which the jury had the power to render and the indictment supports it. The trial judge accepted the verdict and allowed it to be recorded notwithstanding the fact that he had instructed the jury that under the evidence they could not properly find such a verdict. Doubtless he could have refused to accept it, taking the matter into his own hands and directing the clerk to enter a verdict of not guilty on the count charging involuntary manslaughter, or he could have granted a new trial of his own motion. The right of a court to order a new trial of its own motion is indisputable:
 
 Com. v. Cabor,
 
 209 Pa. 201. But the court was not required to do either of these things. The court can never arrest a judgment on the ground that the jury disregarded the instructions of the trial judge upon the law. That is ground for a new trial only. For this defendant did not move, electing to stand upon the verdict and resorting to a motion which, if granted, would result in his discharge.”
 

 On appeal to the Supreme Court (303 Pa. 551, 154 A. 480), that Court upheld the rulings of this court, but exercising the power of the Court of King’s Bench in criminal cases, conferred upon it by the Act of May 22, 1722, sec. 13, 1 Sm. L. 140, and confirmed by the Act of June 16, 1836, sec. 1, P. L. 785, it decided, of its own motion, “for the better attainment of justice,” to grant a new trial. The discussion of the opinion writer, Mr. Justice Maxev, on pages 553 and 554, establishes that, under the law of this State, a trial court does not, after the acceptance and recording of a verdict of guilty, have the power to arrest judgment and discharge the defendant from custody on the ground that the evidence was not sufficient to support the verdict; that its only remedy is to grant a new trial. See also,
 
 Fisher v. Hestonville, etc. Ry. Co.,
 
 185 Pa. 602, 604-5, 40 A. 97.
 

 
 *78
 
 Counsel for defendants rely strongly on the case,
 
 Ex parte United States,
 
 101 Fed. 2d 870, a petition for mandamus filed by the Attorney General of the United States in the Circuit Court of Appeals for the 7th Circuit praying that Judge Stone of the United States District Court for the Western District of Wisconsin be required to set aside certain orders entered by him after verdicts of guilty had been rendered against the defendants, and to order a new trial. It appeared that the defendants prior to the submission of the case to the jury moved for directed verdicts of acquittal, which the trial judge reserved. Following the recording of the verdicts the trial judge entered judgments non obstante veredicto in favor of certain defendants, and later entered nunc pro tunc orders amending the prior orders so as to show the entry of judgments for said defendants on the reserved ruling. The Circuit Court of Appeals denied the petition for mandamus and upheld the action of the trial judge. Appellees’ brief stated that the case was affirmed by the Supreme Court of the United States in 308 U. S. 519, (under the name
 
 United States v. Stone, United States District Judge),
 
 but failed to point out that it was affirmed by an
 
 equally divided Court.
 
 In such case, while the judgment is a
 
 decision
 
 it settled nothing and is not a precedent:
 
 Etting v. Bank of United States,
 
 11 Wheaton 59, 78;
 
 Griel’s Est.,
 
 171 Pa. 412, 416, 417, 33 A. 375:
 
 Com. v. Reid,
 
 265 Pa. 328, 335, 108 A. 829;
 
 Cherry v. Mass. B. & I. Co.,
 
 133 Pa. Superior Ct. 180, 2 A. 2d 515. The decision of the Circuit Court of Appeals may, perhaps, be sustained on one ground relied on in the opinion, viz., that the practice pursued by the district judge was in conformity with the decision of the Supreme Court of Wisconsin in
 
 State v. Meen,
 
 171 Wis. 36, 176 N. W. 71, which held that, in that State, the trial court has a right, where a motion for a directed verdict of acquittal has been reserved, and a verdict of guilty has been rendered by the jury, to arrest the judgment for insuffi
 
 *79
 
 ciency of tbe evidence to convict;
 
 [3]
 
 that the trial judge has a right, even after a verdict of guilty, to discharge the defendant for want of sufficient evidence to convict
 
 [4]
 
 As the United States Courts observe the common law procedure in criminal cases as modified by the practice of the state wherein the trial is held, in so far as the same is not inconsistent with the Constitution and laws of the United States (See 28 U. S. Code, sec. 729), this fact may sustain the action of the Circuit Court of Appeals; but in so far as the opinion attempts to base its action on criminal procedure at common law and argues in favor of the right of a trial judge in a criminal case at common law to enter judgment non obstante veredicto, or on a reserved ruling, in favor of a defendant after a verdict of guilty has been accepted and recorded, we do not adopt or follow it. It is contrary to our examination on the subject and, in our opinion, is without authoritative support.
 

 Nor does the Act of June 5, 1937, P. L. 1703,
 
 [5]
 
 
 *80
 
 limiting the effect of demurrers to the evidence in criminal prosecutions confer on the trial judge the authority exercised by him in this case; and the learned trial judge admitted that his action in reconsidering the demurrer on his own motion after verdict would not have been possible prior to the Act of 1937.
 

 The practice on demurrers to the evidence in criminal cases prior to the Act of 1937 was well settled.
 
 [6]
 

 The Commonwealth was not bound to join in the demurrer. It could refuse to do so and insist on a jury trial. If it did join in the demurrer, either formally or by tacit acquiescence, the jury was discharged and the court was called upon to determine whether upon the facts in evidence — the truth of which was admitted by the demurrer — the defendant should be adjudged guilty of the crime for which he was indicted. The court in such case was not the trier of the facts. The admissions implied in the demurrer left for consideration the single legal inquiry whether the evidence introduced, with the inferences fairly arising therefrom, presented such a state of facts as would support a verdict of guilty. If the demurrer was overruled and the defendant adjudged guilty, sentence was pronounced, from which the defendant could appeal and bring to the
 
 appellate
 
 court the question whether the evidence of the Commonwealth and all inferences reasonably deducible therefrom, would support a verdict of guilty. If the demurrer was sustained and the defendant discharged, the Commonwealth could appeal,
 
 (Com. v. Kolsky,
 
 supra;
 
 Com. v. Parr,
 
 supra), just as it could from an order quashing an indictment
 
 (Com. v. Wallace,
 
 114 Pa. 405, 6 A. 685); or an order arresting judgment
 
 (Com. v. Kammerdiner,
 
 supra;
 
 Com. v. Wallace,
 
 supra, p. 411); or a judgment entered on a
 
 *81
 
 special verdict
 
 (Com. v. Chathams,
 
 50 Pa. 181;
 
 Com. v. Eichelberger,
 
 119 Pa. 254, 13 A. 422).
 

 There was no proceeding recognized in onr criminal law which was the equivalent of a motion for a voluntary non-suit in civil cases, first authorized by the Act of March 11, 1836, P. L. 76, sec. 7. While there are expressions in some opinions to the effect that the trial court may, and in proper cases should, of its own motion declare the evidence of the Commonwealth insufficient to convict, (See
 
 Pauli v. Com.,
 
 89 Pa. 432, 436;
 
 Com. v. Byers,
 
 45 Pa. Superior Ct. 37, 39), those cases were exceptional in that the evidence of the Commonwealth was clearly wanting in the requisites necessary for conviction of the crime charged. In the Pauli case, the district attorney, Charles E. Rice, afterwards President Judge of this Court, was satisfied that the conviction ought not to stand, and so stated to the court below, and refused to move for the defendant’s sentence, and, at the argument on the appeal, informed the Supreme Court that as prosecuting officer,' after hearing the testimony he was compelled to say there should have been no conviction. In the Byers case— a conviction of arson wholly on circumstantial evidence — there was not even a scintilla of evidence in the case which would sustain a verdict of guilty. In such clear circumstances the court should, of its own motion, at the conclusion of the Commonwealth’s case relieve the defendant of going ahead with his defense and direct his acquittal. But the difficulty, prior to the Act of 1937, supra, was that the
 
 defendant could not move or ask
 
 that this be done except by a demurrer to the evidence, which carried with it the discharge of the jury and the possibility of his being adjudged guilty by the court on the evidence of the Commonwealth. The defendant could not then, and cannot now, ask for a non-suit, nor could he
 
 require
 
 the court to rule on the sufficiency of the Commonwealth’s evidence until all
 
 *82
 
 the evidence in the case was in. If prior to that stage of the case the court declined to do so the defendant could not appeal therefrom, nor assign such refusal as error. His course was to present a point for binding instructions. If this was refused and he was found guilty, he could then appeal and assign the refusal of the point as error.
 

 The practice was correctly outlined by Judge William D. Porter of this court — who had no superior in the fields of Criminal Law and Criminal Procedure— in the case of
 
 Com. v. Sonis,
 
 81 Pa. Superior Ct. 205, 210-11, as follows:
 

 “The first assignment of error attempts to raise a question which cannot be considered. Upon the conclusion of the testimony of the Commonwealth counsel for the defendants moved ‘that the bills be submitted,’ which motion the court overruled, and the defendants having taken an exception, the ruling is assigned for error. The motion ‘to submit the bill,’ upon the conclusion of evidence by the Commonwealth, seems, under the practice in some courts, to be equivalent to asking the court to direct the jury to render a verdict of not guilty. This practice is altogether irregular. If the defendant deems the evidence produced by the Commonwealth insufficient he may enter a formal demurrer thereto, and the court will then discharge the jury and enter such judgment as the evidence warrants; or he may decline to present evidence and go to the jury upon the evidence which the Commonwealth has produced.
 
 The court cannot he required to entertain a motion to direct a verdict of acquittal until the conclusión of all the testimony: Com. v. George,
 
 13 Pa. Superior Ct. 542. The refusal of the court to direct a verdict of not guilty before all the testimony has been presented is not assignable for error. If these defendants had declined to offer testimony, they would then have been in position to present written requests
 
 *83
 
 for instructions to tlie jury.” (Italics supplied).
 

 In
 
 Com. v. George,
 
 13 Pa. Superior Ct. 542, in a Per Curiam opinion by President Judge Bice, this Court said: “The first assignment of error cannot be sustained. The court is not bound to entertain a motion to direct a verdict of acquittal until the conclusion of all the testimony.”
 

 The purpose of the Act of 1937 was to afford the defendant an opportunity to require the court to pass on the sufficiency of the Commonwealth’s evidence, by a demurrer to the evidence, without assuming the risk of the consequences which followed such a demurrer under the former practice. Consequently the changes effected by the act are: (1) The Commonwealth need not join in the demurrer. (2) The court must act upon it and either sustain it or overrule it. (3) The demurrer does not
 
 admit
 
 the truth of the Commonwealth’s evidence — “except for the purpose of deciding upon the demurrer” — so as to conclude the defendant, if the demurrer is overruled; its practical effect is only to assert that,
 
 even if true,
 
 the evidence is not sufficient to warrant a verdict of guilty. (4) If the court overrules the demurrer, the statute declares that “such decision shall be deemed interlocutory only, and the case shall proceed as if such demurrer had not been made”— that is, the decision is not appealable by the defendant until final judgment is entered against him on a verdict of guilty. But an appeal may then be taken by him from the judgment of sentence, and the ruling on the demurrer assigned as error, and if the decision overruling the demurrer was erroneous and the demurrer should have been sustained, the judgment will be reversed by the appellate court and the defendant discharged, unless the evidence produced by the defendant in his own behalf — if he offered any — or the rebuttal thereto by the Commonwealth, in connection with the evidence in the case when the demurrer was entered,
 
 *84
 
 will support the verdict of guilty:
 
 Com. v. Marino,
 
 142 Pa. Superior Ct. 327, 330-31, 16 A. 2d 314;
 
 Com. v. Smith,
 
 135 Pa. Superior Ct. 174, 177, 5 A. 2d 383;
 
 Com. v. Shiroff,
 
 131 Pa. Superior Ct. 565, 200 A. 204;
 
 Com. v. Adams,
 
 146 Pa. Superior Ct. 601, 23 A. 2d 59.
 

 The act does not affect the right of the Commonwealth to appeal if the demurrer is sustained; nor does it enlarge the power or authority of the trial judge to reconsider his action on the demurrer after a verdict of guilty. It contains in it ( see Note 5) no hint of purpose or intention to confer additional powers on the court or to alter the well-established procedure in demurrers to the evidence in criminal cases, except so far as is necessary to carry out the purpose abovestated.
 

 The act does not affect the right of the defendant to present a written point for binding instructions, but nothing in it confers any authority on the trial court to reserve such a point and enter judgment for the defendant after a verdict of guilty, either on the reserved point or non obstante veredicto. The remedy, in the court below, if it concludes that error was committed on the trial, is to grant a new trial.
 

 The assignments of error are sustained. The judgment is reversed and the record is remitted to the court below to consider and pass upon the motions for a new trial.
 

 [1]
 

 “[The Superior Court] may affirm, reverse, amend or modify any order,- judgment or decree as it may think to be just, or it may return the record for further proceedings in the court below. But it may not increase (although it may reverse) any sentence upon any indictment” sec. 8, p. 219. On appeals from the Superior Court to the Supreme Court, the Supreme Court “may enter therein such judgment, order or decree as may be just, except that it may not increase (although it may reverse) a sentence upon an indictment, and ...... may thereupon send the record either to the Superior Court or directly to the court below, as the Supreme Court may consider advisable.” Sec. 9, p. 220.
 

 [2]
 

 “The Supreme Court of this Commonwealth shall have power to hear and determine all and all maimer of pleas, plaints, and causes which shall be brought or removed there from any other court' of this Commonwealth ...... as well in criminal as in civil pleas or proceedings and' thereupon to reverse, modify or affirm such judgments and decrees or proceedings as the law
 
 *71
 
 doth or shall direct; and generally, to minister justice to .all persons, in all matters whatsoever, as fully and amply, to all intents and purposes as the said court heretofore had power to do under the Constitution and laws of this Commonwealth” (sec. 1).
 

 [3]
 

 This is contrary to the law in Pennsylvania. See supra.
 

 [4]
 

 An examination of the four cases cited by the Supreme Court of Wisconsin in support of this latter proposition,
 
 Ohms v. State,
 
 49 Wis. 415, 5 N. W. 827;
 
 Devoy v. State,
 
 122 Wis. 148, 99 N. W. 455;
 
 Prinslow v. State,
 
 140 Wis. 131, 121 N. W. 637;
 
 Gerke v. State,
 
 151 Wis. 495, 139 N. W. 404, shows that they ruled only that the Supreme Court might reverse the trial court for refusing to discharge the defendant when the evidence was insufficient to convict. A new trial was ordered in three of the four cases; and a new trial on a count supported by the evidence in the fourth
 
 (Devoy v. State),
 

 [5]
 

 “Section 1. Be it enacted, &c., That hereafter in all criminal prosecutions, the action of the defendant at the close of the Commonwealth’s case in demurring to the evidence submitted by the Commonwealth, shall not be deemed to be an admission of the facts which the evidence tends to prove or the inferences reasonably deductible [dedueible?] therefrom except for the purpose of deciding upon such demurrer, and if the court shall decide against the defendant on such demurrer, such decision shall be deemed interlocutory only, and the case shall proceed as if such demurrer had not been made.”
 

 [6]
 

 See
 
 Com. v. Parr,
 
 5 W.
 
 &
 
 S. 345, 347;
 
 Hutchison v. Com.,
 
 82 Pa. 472, 478-9;
 
 Com. v. Smith,
 
 97 Pa. Superior Ct. 157;
 
 Com. v. Williams,
 
 71 Pa. Superior Ct. 311;
 
 Com. v. Ernesto,
 
 93 Pa. Superior Ct. 339, 341;
 
 Com. v. Kolsky,
 
 100 Pa. Superior Ct. 596.