Commonwealth *v.* Jones, Appellant.

552

Argued February 2, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*Warwick Potter Scott*, with him *Michael Saxe*, for appellant.—Defendant cannot be sentenced to prison for three years upon the finding of a jury that he is guilty of a crime which has never been defined in any way to that jury nor to that panel during its term of service, and where the only reference in the charge of the court to that crime was a peremptory direction (without definition), approved by both the Commonwealth and the defense, that defendant could not be convicted of that crime.

*Charles C. Gordon,* Assistant District Attorney, with him *John Monaghan,* District Attorney, for appellee; cited: Com. v. Hanley, 15 Pa. Superior Ct. 271; Com. v. Schollenberger, 17 Pa. Superior Ct. 218.

OPINION BY MR. JUSTICE MAXEY, March 16, 1931:

This is an appeal from the judgment of the Superior Court affirming the judgment and sentence of the Court of Oyer and Terminer of the County of Philadelphia as of May Sessions, 1930, to No. 92. The facts are clearly stated and the law ably discussed in the opinion of Judge GAWTHROP of the Superior Court.

The defendant was tried upon an indictment charging murder, voluntary manslaughter and involuntary manslaughter. In charging the jury the trial judge said: "You may ignore the count charging involuntary manslaughter, because under this evidence it is impossible for you properly to find such a verdict. You have however before you the charge of murder and the charge of voluntary manslaughter." Despite the instructions of the court, the jury returned a verdict of guilty of involuntary manslaughter. Defendant did not move for a new trial, but made a motion in arrest of judgment and for discharge from custody, on the grounds: first, that the evidence did not justify a conviction of involuntary manslaughter; and, second, that the trial judge had no right to accept the verdict of guilty on the count charging involuntary manslaughter, because he had in effect directed them to acquit the defendant of that charge. This was assigned for error. The Superior Court correctly held that insufficiency of evidence gives no support to a motion in arrest of judgment but does support a motion for a new trial, which latter motion was not made in this case. Arrests of judgment arise from intrinsic causes appearing on the face of the record. The only exception is where a pardon is pleaded before sentence: Delaware Division Canal Co. v. Com., 60 Pa. 367.

The Superior Court affirmed the judgment of the court below. This ruling being in accordance with law, the only question for us to determine is whether or not we should upon our own motion grant a new trial to the defendant. "The courts have wide discretion in grant- ing new trials...... In very intricate and doubtful cases, notwithstanding the finding of the jury, the court will in the exercise of its extraordinary discretion order a new trial......for the better attainment of justice": 20 R. C. L., section 12, page 227. This case was not "in- tricate," but in view of the trial judge's instructions to the jury that "under the evidence it is impossible for you properly to find such a verdict" (i. e., a verdict of guilty of involuntary manslaughter), the case might properly be classed as "doubtful." For the better at- tainment of justice we think a new trial should be granted in this case. "At common law, new trials may be granted by courts of general jurisdiction upon their own motion": 20 Standard Encyclopædia of Procedure, 580. "The right of a court to order a new trial of its own motion is indisputable. It is one of the essential functions of a judge sitting with a jury": Com. v. Gabor, 209 Pa. 201. In Graham v. Graham, 1 S. & R. 330, this court, in an opinion by Chief Justice TILGHMAN, said: "This authority [to grant new trials] is incident to the trial by jury, by the principles of the common law."

There is no doubt of the power of the court of oyer and terminer to grant a new trial of its own motion. This court has power to order a new trial when in its opinion the case requires it, for it possesses the powers of the King's Bench in criminal cases: Com. v. Balph, 111 Pa. 365. In Sharswood's Blackstone, volume 3, page 42, the court of King's Bench is thus described: "...... It keeps all inferior jurisdictions within the bounds of their authority, and may either remove their proceedings to be determined here, or prohibit their progress below...... It commands magistrates and others to do what their duty requires, in every case

555

where there is no other specific remedy. It protects the liberty of the subject by speedy and summary interposition." The Act of June 16, 1836, section 1, P. L. 785, provides: "The Supreme Court of this Commonwealth shall have power......to minister justice to all persons, in all matters whatsoever, as fully and amply, to all intents and purposes, as the said court has heretofore had power to do under the Constitution and laws of this Commonwealth." This means the general common law powers of the three principal courts of Westminster Hall (i. e., the Courts of King's Bench, Common Pleas, and Exchequer, as stated in the Act of 22d May, 1722, section 13, 1 Sm. L. 140) so far as they have not been impaired by the state and federal Constitutions: Chase v. Miller, 41 Pa. 403; Schmuck v. Hartman, 222 Pa. 190.

The judgment of conviction is set aside and a new venire awarded.