Commonwealth *v.* Hopkins, Appellant.

Argued October 23, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Clarence E. Davis,* for appellant.

*Elvin Teitelbaum,* Assistant District Attorney, with him *Stephens Mayer,* District Attorney, for appellee.

OPINION BY RHODES, J., March 2, 1945:

Appellant was convicted of fornication and bastardy. His motion in arrest of judgment was overruled, and

sentence was imposed. An appeal was taken to this court from the judgment.

The testimony presented at the trial has not been printed as a part of the record, as it was not taken by the court stenographer. Appellant's complaint relates to the admissibility of the testimony of the prosecutrix as to her divorce prior to the alleged offense. The prosecutrix was asked, on cross-examination, whether she had been married prior to the date of the alleged offense; she answered in the affirmative; and on re-direct examination she was permitted to testify that she had been divorced prior to the date of the offense. If it were material, there is no dispute as to what occurred at the trial.

Neither the evidence nor the insufficiency of the evidence affords a basis for a motion in arrest of judgment; in criminal cases judgments can be arrested only for causes appearing upon the face of the record (an exception exists when pardon is pleaded before sentence), which consists of the indictment, the plea and issue, and the verdict. *Com. v. Bateman,* 92 Pa. Superior Ct. 53, 56; *Com. v. Grant,* 121 Pa. Superior Ct. 399, 405, 183 A. 663; *Com. v. Jones,* 303 Pa. 551, 154 A. 480. Evidence given at the trial does not become a part of the record to be considered on motion in arrest of judgment; the matter must arise from intrinsic causes appearing on the face of the record. *Com. v. Heller,* 147 Pa. Superior Ct. 68, 75. It follows that we are unable to pass upon any part of the evidence; our review is limited to the record proper.

The indictment in this case charged that appellant, on September 5, 1942, "unlawfully did commit fornication within a certain Ella Stanton and a male bastard child on the body of her, the said Ella Stanton then and there did beget." The Act of June 24, 1939, P. L. 872, §506 (amended by the Act of May 21, 1943, P. L. 306, §1, 18 PS §4506), reads in part as follows: "Any

man charged by an unmarried woman with being the father of her bastard child," etc. In a prosecution for fornication and bastardy the presumption is that the prosecutrix is a single woman. *Com. v. McCullen,* 73 Pa. Superior Ct. 564. Consequently, the record in this case, which consists of the indictment, the plea and issue, and the verdict, supports the judgment.

We find no ground which would justify sustaining a motion in arrest of judgment in this case, and which, if granted, would result in appellant's discharge. The court below properly disposed of the case, and appellant has no cause to complain.

Judgment is affirmed.