## Commonwealth v. Handmore

*David Sand Kohn*, assistant district attorney, and *Carl B. Shelley*, district attorney, for Commonwealth. *John H. Bream*, for defendant.

WOODSIDE, J., December 5, 1949.—For reasons which will become apparent we are writing one opinion covering two separate cases.

The first case involves the conviction of defendant on the charge that he "did make, manufacture and assemble punch boards and other devices used or intended to be used for gambling".

The second involves his conviction on the charge that he did "sell, expose to sale, cause to be sold and exposed to sale, barter and exchange, cause and offer to be bartered and exchanged, advertise and caused to be advertised for sale, barter and exchange, certain lottery tickets and shares and parts thereof, to wit: number tickets, a certificate, bill, writing, token and other device purporting and intending to entitle or representing as entitling the holder or bearer or any other person to a prize, or any part of such prize or any interest therein, to wit: to be drawn in a certain lottery then and there having been erected and conducted for the awarding of prizes."

Defendant was called for trial on the first of the above cases which charges a violation of section 604 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4604. He pleaded not guilty, demurred to the Commonwealth's evidence, offered no testimony on his behalf and after being found guilty by the jury, made a motion for a new trial and a motion in arrest of judgment.

The undisputed evidence shows that defendant unloaded five cartons from a vehicle and took them into a storage room in Walnut Street in Harrisburg. Later he took a number of punch boards out of the storage room and loaded them in a truck with a New York State license registered in his name. From time to time other people were seen coming from the storage room with packages. Officer Brodhecker went into the storage room, saw many punch boards on display, and

told defendant that assembling and displaying punch boards was illegal in Pennsylvania. Subsequently defendant was arrested. In his possession at the time were 800 punch boards, a book relating to data about the sale of these boards to different individuals, indicating the kind, the price and the profit. There were approximately 4,000 punch boards in the storeroom. Defendant gave the police a statement in which he stated that he and fugitive defendant set premises up as a warehouse and distribution center so they would be centrally located to distribute punch boards to customers in a hurry, and that sales of punch boards were made by him and the money for them collected.

Almost all the boards confiscated, with the exception of a few, were "money boards" definitely designating the prizes to be paid for certain numbers to be payable in cash. Some of these prizes ranged to $50 in cash; other boards had slots for the placing of the coins to be won on the board itself, so the customer could view the same. Defendant admitted selling this particular type of board.

Was this evidence sufficient to sustain a conviction under section 604 of The Penal Code, supra?

The section provides as follows:

"Making Gambling Devices—Whoever makes, manufactures, or assembles any punch board, drawing card, slot machines, or any machine or device used or intended to be used for gambling, is guilty of a misdemeanor . . ."

There was no evidence that defendant "made" or "manufactured" any punch board or other gambling device. The sole question is whether he "assembled any punch board."

"Assemble" when used as a transitive verb means according to Webster's New International Dictionary (2nd edition) either (1) "to collect into one place," or (2) "to collect and put together the parts of."

There is evidence from which the jury could, and presumably did, find that defendant collected punch boards in one place or brought them together in one place, but there is no evidence that defendant put together the parts of punch boards.

Every one of the legal tests to be applied in determining what is meant by "assembles" as used in the above statute leads us to the conclusion that it means only to fit together the parts of or to form out of given materials, and not to collect or gather together in one place.

In the first place it must be noted that punch board as used in the act is in the singular. It is possible to bring together punch boards in one place, but it is not possible to bring together *a* punch board in one place. It is possible to "assemble" *a* punch board only in the sense of fitting together its component parts. Thus the legislature in providing that "whoever assembles any punch board" must have meant to make it a crime to fit together the component parts of and not a crime to bring together a number of punch boards in one place.

In the second place the maxim "noscitur a sociis" (it is known by its associates) is applicable here. This canon of interpretation aids in ascertaining the meaning of a doubtful word by reference to the meaning of words associated with it: Dempwolf's Estate, 57 D. & C. 271 (1946) ; Application of Central Airlines, 199 Okla. 300, 185 P.(2d) 919, 924 (1947).

The section in question refers to one who "makes," "manufactures" or "assembles". "Assemble" in the sense of "fitting together the component parts of", belongs with "makes" and with "manufactures", but "assemble" in the sense of "collecting together in one spot", is not well associated with "make" and "manufacture".

Furthermore the heading of the section is "Making Gambling Devices". This, although not to be considered to control, may nevertheless be used to aid in the construction of the section: Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 54, 46 PS §554. The "fitting together" definition of assemble would properly be placed under such heading but the "collecting together" definition would not.

The meaning of "assembles" as used in this section was before the Court of Erie County in Commonwealth v. McCardell, 53 D. & C. 700 (1944). There the question was whether a defendant who was found with a number of slot machines and a workbench upon which there were old parts of dismantled machines was guilty of assembling a slot machine. There the court said (p. 702):

"A criminal statute must be strictly construed, and to hold that the word 'assemble' includes the word 'repair' simply because, in some cases of repair, to subsequently reassemble may be necessary is, in our opinion, assuming legislative intention which does not clearly appear."

We are satisfied that bringing together punch boards in one place for the purpose of exhibiting them and selling them is not a violation of section 604 of The Penal Code, supra.

The district attorney seeing the difficulty of his position under section 604 of The Penal Code, supra, decided after the Commonwealth evidence was presented, to draw up another indictment under section 602. This was submitted to the grand jury and a true bill was found.

Defendant pleaded "Not Guilty" and waived a jury trial. With the same evidence submitted in the previous case, the trial judge declared defendant guilty. This was followed by a motion for a new trial and a motion in arrest of judgment. Thus we are brought to a con-

sideration in the second case of whether the evidence shows that defendant violated section 602 of The Penal Code, supra, as amended. This section is headed "Traffic in lottery tickets" and provides inter alia:

"Whoever sells, or exposes to sale, or causes to be sold or exposed to sale, . . . or has in his possession with intent to sell or barter, any lottery or numbers ticket . . . or other device purporting or intending to entitle, or represent as entitling the holder or bearer, or any other person, to any prize to be drawn in any lottery . . . is guilty of a misdemeanor . . ."

Under the evidence it appears that defendant exposed to sale certain punch boards. But a punch board is not a lottery ticket. As far as we can determine no case ever held it was. No dictionary ever defined either term as embracing the other and no person using either term would be thought to mean the other.

In Commonwealth v. Weiss, 142 Pa. Superior Ct. 524 (1940) the evidence showed that "the defendant simply displayed the punch board and others like it for sale and did not sell chances thereon or in any other manner employ them for gambling upon the premises."

Defendant was convicted of violating section 612 of The Penal Code, 18 PS §4612, which provided that "whoever keeps or exhibits any gaming table, device or apparatus to win or gain money or other property of value . . . is guilty of a nuisance."

In reversing the lower court and discharging appellant the court said (p. 526):

"It will be observed that this section of the statute does not expressly deal with the sale of gambling apparatus or devices. In order to sustain appellant's conviction it is necessary to construe the language of this section as though it read 'keep or exhibit for sale'. It may be that the legislature had in mind to make it an offense to keep or exhibit any gaming table, device or apparatus with the intent or for the purpose of

operating it. This latter interpretation seems plausible when we consider that part of the section which expressly refers to one who 'engages in gambling for a livelihood'.

"The appellee argues that unless Section 612, supra, be interpreted to cover commercial sale of gambling devices it is redundant and unnecessary in view of the other sections of the statute. Section 603 deals with common gamblers; section 604 provides as an offense the manufacture of gambling devices; section 605 prohibits the establishing of gambling places; and section 606 forbids enticing persons to gamble through solicitation, invitation, or device. It will be observed that thus the legislature has expressly defined with clarity similar crimes. . . .

"The act in question being a criminal and penal statute, must be strictly construed and cannot be enlarged in scope by the courts so as to extend to the prejudice of a defendant in cases not covered with reasonable certainty by the language used: (citing)

"It is quite apparent that the section before us is ambiguous creating a reasonable doubt as to its meaning. This doubt must be resolved in favor of the defendant as a penalty in such circumstances may not be inflicted. (citing)"

It has been held by the highest court of the land that "no one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes. All are entitled to be informed as to what the State commands": Lanzetta et al. v. New Jersey, 306 U. S. 451 (1939). In Connally v. General Construction Co., 269 U. S. 385, 391 (1926), it was said that a statute "which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law."

The legislature recognized the limitations of section 602 of the present law when it adopted the Crimes Act in 1949, Senate Bill No. 243, Printer's No. 679, vetoed by the Governor. Section 602 of the bill passed by the House and Senate was entitled "Gambling" and stated:

"Whoever (a) Wilfully or knowingly makes, assembles, sets up, maintains, sells, lends, leases, gives away or offers for sale, loan, lease or gift, any punch board, drawing card, slot machine or any device to be used for gambling purposes except playing cards . . . shall be imprisoned not exceeding one (1) year or fined not exceeding One Thousand ($1000.00) Dollars or both."

Section 601 in the bill was again titled "Lotteries". Section 603 referred to "Pool Selling and Book Making". Section 602 of the 1949 bill was a combination of sections 602 and 604 of The Penal Code of 1939. It is significant that the title "Traffic in Lottery Tickets" was dropped for the inclusive term "Gambling". It is significant too that punch boards are for the first time mentioned in this section. Apparently the legislature realized that a "lottery ticket, numbers ticket or share, numbers policy or . . . other device purporting or intending to entitle . . . the holder . . . to any prize to be drawn in any lottery . . ." did not cover punch boards.

From the above it is clear that the evidence in this case does not warrant a conviction under either section 602 or section 604 of The Penal Code, supra.

In criminal cases judgments can be arrested only for causes appearing upon the face of the record. Evidence given at the trial does not become a part of the record to be considered on motion in arrest of judgment; the matter must arise from intrinsic causes appearing on the face of the record: Commonwealth v. Hopkins, 156 Pa. Superior Ct. 648 (1944). Insuffi-

ciency of evidence gives no support to the motion in arrest of judgment but does support a motion for a new trial: Commonwealth v. Jones, 303 Pa. 551 (1931). Here the face of the record is not attacked. The contention of defendant is that the evidence is insufficient to sustain the conviction. Having found this contention to be correct in both cases brought against him, a new trial must be granted but the motions in arrest of judgment must be refused: Commonwealth v. Stark, 59 Dauph. 478 (1949).

And now, to wit, December 5, 1949, the motions filed to no. 3, June sessions, 1949, and no. 113, June sessions, 1949, for a new trial are granted and the motions filed to the same numbers in arrest of judgment are refused.